**Edmundo V. LEYVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54479.**

Court of Criminal Appeals of Texas.

June 14, 1977.

---

1. Article 51.13, supra.

Harry Tom Petersen, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On May 25, 1973, appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary with intent to commit theft, a violation of the former Penal Code. Punishment was assessed at ten years, probated. One of the terms of probation was that he "[c]ommit no offense against the laws of this or any other State or of the United States."

On August 3, 1976, the State filed a motion to revoke appellant's probation. The motion alleged, in substance, that on June 8, 1976, appellant violated V.T.C.A., Penal Code, Section 31.03, by committing theft. On September 30, 1976, probation was revoked.

Appellant contends that the trial court erred in denying his motion for the appointment of a psychiatrist. On the day of the revocation hearing the appellant

filed a motion for a psychiatric examination for the purpose of determining appellant's "legal sanity at the time of the offense and presently." [1] The motion alleged that appellant had reported to his attorney that he had been repeatedly under psychiatric treatment in Juarez, Mexico, and that he was mentally ill. The motion nowhere alleges that appellant was incompetent to stand trial or insane on the date of the alleged probation violation. In support of appellant's motion the certificate of the Administrator of the Hospital Civil Libertad of Juarez, Mexico, was admitted into evidence. That certification reflects that appellant was treated by a psychiatrist at the hospital for a week in January, 1974. No other evidence was offered by appellant in behalf of his motion.[2]

A person is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. Article 46.02, Section 1(a), V.A.C.C.P.[3] A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. Article 46.02, Section 1(b), V.A.C.C.P.

Article 46.02, Section 2, V.A.C.C.P., provides:

"(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines *there is evidence to support a finding of incompetency to stand trial* on its own motion or on the written motion by the defendant or his counsel filed prior to the date set for trial on the merits *asserting that the defendant is incompetent to stand trial*. (Emphasis supplied).

"(b) If during the trial *evidence of the defendant's incompetency* is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine *whether or not there is evidence to support a finding of incompetency to stand trial*." (Emphasis supplied)

Article 46.02, Section 3(a), provides:

"At any time the *issue of the defendant's incompetency to stand trial is raised*, the court may, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue, but the court may not order the defendant to a facility operated by the Texas Department of Mental Health and Mental Retardation for examination without the consent of the head of that facility." (Emphasis supplied)

There is no allegation that appellant has been judicially determined to be mentally ill. Even if it had, a judicial determination that a person is mentally ill does not constitute a determination of a person's mental competency. See Article 5547–83(b), V.A.C.S.; *Ainsworth v. State*, 493 S.W.2d 517 (Tex.Cr.App.1973). Appellant introduced no evidence in support of the allegation that he was "mentally ill."

---

1. Appellant does not contend that he was entitled to a separate hearing on the issue of his competency to stand trial. See *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Nor do we understand him to contend that the facts of the case constitutionally required the suspension of the revocation hearing pending a prompt psychiatric evaluation. See *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

2. We do believe that the trial court erred in refusing to allow appellant to testify for the

limited purpose "of establishing his mental condition at this time" in light of Article 46.02, Section 3(f), V.A.C.C.P., even after the State had rested its case, at the revocation hearing. But, in light of counsel's statement that "his *sole* testimony would be . . . to establish the fact that he has been previously hospitalized in Mexico," the testimony would have been merely cumulative of the certificate of the Administrator of Juarez hospital.

3. See also *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

The certification of the administrator of the hospital in Juarez, Mexico, does not state that appellant was "mentally ill," merely that he was treated by a psychiatrist. This, standing alone, would not require a finding that appellant was mentally incompetent. *Ainsworth v. State,* supra; *Bledsoe v. State,* 519 S.W.2d 646 (Tex.Cr.App.1975); *Nichols v. State,* 501 S.W.2d 333 (Tex.Cr.App.1973); *Almand v. State,* 536 S.W.2d 377 (Tex.Cr. App.1976). In short, we hold that there was no evidence before the court which would support a finding of incompetency to stand trial. Article 46.02, Section 2, supra.

Appellant maintains that a lesser quantum of proof is required when an accused seeks the appointment of a psychiatrist under Article 46.02, Section 3, supra, than that which is required in order to require a separate hearing on the issue of competency. Appellant relies on *United States v. McEachern,* 465 F.2d 833 (5th Cir. 1972), which construed 18 U.S.C. Section 4244. That statute, however, makes it mandatory for a federal district court to appoint a psychiatrist to examine an accused when he has been presented with reasonable cause to believe that such person is mentally incompetent. Article 46.02, Section 3, leaves such appointment to the trial court's sound discretion even when the issue of the defendant's incompetency to stand trial is raised. The decision of the trial court is reviewable limited to a determination of whether the trial court abused its discretion. For such a review the individual facts of each case must be examined. In the instant case there was no allegation or evidence which would raise an issue of appellant's incompetency to stand trial. We overrule appellant's contention concerning the appointment of a psychiatrist for the purpose of determining appellant's competency to stand trial.

■ Likewise, we overrule the contention relating to the appointment of a psychiatrist for the purpose of determining appellant's sanity at the time of the alleged probation violation. Article 46.03, Section 2, V.A.C.C.P., provides:

"(a) A defendant planning to offer evidence of the insanity defense shall file a notice of his intention to offer such evidence with the court, and the prosecuting attorney:

"(1) at least 10 days prior to the date the case is set for trial; or

"(2) if the court sets a pretrial hearing before the 10-day period, the defendant shall give notice at the hearing; or

"(3) if the defendant raises the issue of his incompetency to stand trial before the 10-day period, he shall at the same time file notice of his intention to offer evidence of the insanity defense.

"(b) Unless notice is timely filed pursuant to Subsection (a) of this section, evidence on the insanity defense is not admissible unless the court finds that good cause exists for failure to give notice."

Article 46.03, Section 3(a), V.A.C.C.P., provides:

"*If notice of intention to raise the insanity defense is filed under Section 2 of this article,* the court *may,* on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to the insanity defense and to testify thereto at any trial or hearing on this issue, but the court may not order the defendant to a state mental hospital for examination without the consent of the head of the state mental hospital." (Emphasis supplied).

The record does not show that appellant gave notice that he intended to rely upon insanity as a defense as required by Article 46.03, Section 2, supra. Nor do we find that he attempted to show that good cause existed for failure to give notice. Consequently, no abuse of discretion has been shown.

Next he contends that the trial court erred in overruling his motion to quash the motion to revoke his probation. The motion alleged, in pertinent part:

". . . on the 8th day of June, 1976, in the County of El Paso and State of Texas, the said defendant, EDMUNDO LEYVA, did then and there unlawfully, violate Tex. Penal Code Ann. § 31.03 (1974), by appropriating the personal property of ELMER E. RAMSEY, 1508 Hawthorne, El Paso, Texas, and by exercising control over said property without the effective consent of the owner. . . ."

Specifically he contends that the motion is defective because it fails to allege that the property was appropriated "with intent to deprive the owner of property."

V.T.C.A., Penal Code, Section 31.03(a), provides that a person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property.

■ The allegations in a motion to revoke probation do not require the same particularity of an indictment or information. *Wilcox v. State*, 477 S.W.2d 900 (Tex. Cr.App.1972); *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976); *Ablon v. State*, 537 S.W.2d 267 (Tex.Cr.App.1976).

All that is required is that the motion to revoke should fully and clearly set forth the basis upon which the State seeks revocation so that a defendant and his counsel might be informed as to that upon which he will be called to defend.

In *Kuenstler v. State*, 486 S.W.2d 367 (Tex.Cr.App.1972), we held that the trial court erred in failing to sustain a motion to quash a motion to revoke probation where the motion merely alleged that the probationer "[c]ommitted the offense of Felony Theft, subsequent to being placed on probation." There we stated:

". . . The motion was couched in such general terms as to give the appellant no notice as to how he had violated his probationary conditions or to enable him to prepare a defense or to determine what witnesses to subpoena. No dates were alleged, the name of the injured party in the felony theft was not disclosed, nor were there other details alleged."

In *Garner v. State*, 545 S.W.2d 178 (Tex. Cr.App.1977), the motion to revoke alleged that:

". . . the defendant did on or about the 16th day of December, 1974, commit the offense of theft in Harris County, Texas, as alleged in the indictment for that offense that was filed in the 174th Criminal District Court of Harris County, Texas, in Cause No. 223,979."

There we held that the trial court erred in failing to sustain a motion to quash the revocation motion and stated:

". . . The general allegation that appellant on or about December 16, 1974, committed the offense of theft in Harris County, without further identification of the offense alleged to have been committed, did not give appellant or his counsel sufficient notice of the offense on which the State relied for revocation." (Footnote omitted).

■ In the instant case, however, the motion to revoke alleged that appellant unlawfully violated V.T.C.A., Penal Code, Section 31.03, on June 8, 1976. It further alleged the owner of the property appropriated and his address. The missing allegation, that the property was appropriated with intent to deprive the owner of the property, could not have misled appellant, as the motion to quash showed that appellant was aware that this was an essential element of the offense of theft. We hold that appellant had fair notice as to how he was alleged to have violated his probationary conditions so as to enable him to prepare a defense and to determine what witnesses to subpoena.

■ Lastly, appellant also contends:

"The court erred in denying defendant's motion to dismiss in that there was no evidence presented by the state to prove that the alleged offense had occurred in 'any state or the United States' as alleged."

Specifically he contends that, since the State's motion to revoke probation alleged that appellant had committed theft in El Paso County, Texas, mere proof that the

probationary violation occurred in El Paso County was not sufficient proof that it occurred in El Paso County, Texas. We perceive no error.

We take judicial notice that El Paso County is in Texas.

The judgment is affirmed.