James GILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 55580.

Court of Criminal Appeals of Texas.

Oct. 12, 1977.

James T. Flynt, Mineola, James Douglas Pickett, Winnsboro, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court and was convicted of the offense of selling marihuana; punishment of imprisonment for 7 years was assessed, but the imposition of sentence was suspended, and the appellant was placed on probation on June 8, 1973.

After hearing the State's motion to revoke probation, the court entered the order appealed from on January 13, 1977. The court found that as alleged the appellant had violated the condition of probation that he avoid persons of disreputable or harmful character, by associating, on November 12, 1976, with Danny Ray Osbourn, who the appellant knew was a disreputable person and an escaped felon. This was the *sole* ground for revocation.

The appellant asserts that the trial court abused its discretion in revoking probation, because the evidence does not support the allegation of the motion to revoke and the court's finding that the appellant knew Danny Ray Osbourn was an escaped felon and a disreputable person. The appellant's contention is correct. If the appellant knew that Danny Ray Osbourn was an escaped felon and of disreputable character, the record fails to show that he knew it.

The appellant was arrested in Smith County while in an automobile with James Smith and Danny Ray Osbourn on November 12, 1976. The arresting officer testified that all three of the men were charged with "public intoxication" and placed in jail. The evidence that the State says proves appellant knew Danny Ray Osbourn was an escaped felon and of disreputable character is the testimony of the sheriff of Wood County. The sheriff testified that on November 11, 1976, he discussed with the appellant the escape of Danny Ray Osbourn. The sheriff testified:

"I advised James [appellant] at that time that Danny Ray had escaped and that he couldn't stand to be caught with him, that he was on probation and to leave him alone if he seen him."

There is no evidence that the appellant had ever associated with Danny Ray Osbourn other than when he was arrested in the car with Osbourn and Smith by the Smith County deputy sheriff. Although the sheriff of Wood County testified in a conclusory manner that he had discussed Osbourn's escape with the appellant, there is no testimony to show that Osbourn was a felon or from what or where he had escaped. More importantly, there is no evidence that the appellant knew that Osbourn had escaped from a penal institution or that Osbourn was of disreputable character. Although inferences may be drawn from the sheriff's meager testimony, these inferences are not evidence and they will not support the allegations of the motion to revoke or the findings of the trial court. The prosecutor failed to prove what he said he would prove in his unsworn opening statement; if he had done so, the evidence would have been sufficient. Since the evidence in the record does not support the allegations of the motion to revoke or the court's finding, there was an abuse of discretion in revoking probation and we have no alternative but to reverse the judgment. See *Jackson v. State,* 464 S.W.2d 153 (Tex.Cr.App.1971); *Steed v. State,* 467 S.W.2d 460 (Tex.Cr.App. 1971); *Shortnacy v. State,* 474 S.W.2d 713 (Tex.Cr.App.1972); cf. *Mendietta v. State,* 476 S.W.2d 682 (Tex.Cr.App.1972).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.