David Wayne LABELLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-82-00344-CR.

Court of Appeals of Texas, El Paso.

Oct. 9, 1985.

Michael L. Aarson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, Robert Huttash, State Pros. Atty., Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION ON REMAND

OSBORN, Justice.

This is an appeal from a revocation of probation. Appellant initially pled guilty to the offense of burglary of a habitation, and punishment was assessed by the court at ten years imprisonment, probated. In 1981, the State moved to revoke probation, alleging removal and destruction of a governmental record belonging to the El Paso Court Residential Treatment Center. The court revoked probation and sentenced Appellant to five years imprisonment. On May 9, 1984, this Court reversed due to the State's failure to negate a statutory exception in its revocation pleading. *Labelle v. State*, 670 S.W.2d 755 (Tex.App.—El Paso 1984), *rev'd*, 692 S.W.2d 102 (Tex.Crim.App. 1985). In reversing our decision, the Court of Criminal Appeals remanded the cause to this Court to address additional grounds of error not reached in our initial opinion.

In Ground of Error No. One, Appellant contends that the trial court erred in denying his motion to quash the revocation motion for failure to provide sufficient notice of the State's accusation. In the lower court and on appeal, his specific complaint is the insufficiency of the description of the alleged governmental record. Count I simply alleged a "governmental record from the El Paso County Court Residential Treatment Center." Count II alleged that it actually belonged to the treatment center.

The pleading tracks the language of Tex.Penal Code Ann. sec. 37.10(a)(3) (Vernon 1974). While that is generally sufficient to satisfy criminal pleading requirements, due process requires that a defendant be adequately informed of the nature of the accusation, and upon his motion, may be entitled to a more specific allegation. *Drumm v. State*, 560 S.W.2d 944 (Tex.Crim.App.1977). A motion to revoke probation does not necessitate the same particularity as an indictment or information. It must simply afford minimal due process by fair notice of the violation alleged. *Bradley v. State*, 608 S.W.2d 652 (Tex.Crim.App.1980). In *Leyva v. State*, 552 S.W.2d 158 (Tex.Crim.App.1977), the State moved to revoke probation for a subsequent theft offense, failing to specifically plead intent to deprive the owner of the alleged property. The Court of Criminal Appeals ruled that even though the missing allegation was an essential element of the offense of theft, its omission from the revocation motion could not have misled the defendant or deprived him of sufficient notice of how he allegedly violated his probation so as to hamper his defensive preparations. *Leyva* at 162.

On the other hand, three cases have dealt with the specific deficiency asserted in this case: *Stringer v. State*, 632 S.W.2d 340 (Tex.Crim.App.1982); *Swabado v. State*, 597 S.W.2d 361 (Tex.Crim.App.1980); *Perez v. State*, 590 S.W.2d 474 (Tex.Crim.App. 1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2157, 64 L.Ed.2d 790 (1980). Under the

analysis in those cases, the present pleading would be inadequate but those cases dealt with indictments and not motions to revoke. Thus, the question is where to place this pleading in the spectrum defined by *Leyva* and *Swabado*. *See also: Matte v. State,* 572 S.W.2d 547 (Tex.Crim.App. 1978).

In appraising whether this pleading provided fair notice under *Leyva* and *Matte,* we have evaluated four distinct factors: (1) whether further *meaningful* specificity could have been provided; (2) the procedural difficulties occasioned by repleading; (3) a retrospective evaluation of the revocation hearing to assess actual harm due to the absence of more specific pleading; and (4) the consequences of reversal.

With regard to the first factor, the hearing transcript discloses much greater detail about the record allegedly removed and destroyed. It was the record of Appellant's own performance at the residential treatment center, as opposed to one pertaining to another inmate or some other administrative record. It was a confidential record. It was contained in a manila folder several inches thick and bearing a "confidential" stamp on the outside. Further specific information was readily available for inclusion in the pleading. The first factor weighs in Appellant's favor.

Upon motion to quash, an amendment could have been prepared and proceeded upon without undue delay, in contrast to the process of reindictment. Thus, the second factor also falls in Appellant's favor.

With regard to the third factor, we have adopted certain language from Judge Clinton's opinion in *Almanza v. State,* 686 S.W.2d 157, 174 (Tex.Crim.App.1985), not because the appellate issues were the same and therefore binding in this case but because the logic of that standard of review appears equally applicable in the case before us. There Judge Clinton wrote:

We hold that finding error in the court's charge to the jury begins—not ends—the inquiry; the next step is to make an evidentiary review ... as well as a review of any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused.

Theoretical harm may suffice in dealing with a pleading omission of a basic element of an alleged criminal offense. We have already found that the State's motion adequately tracked the affirmative elements of the offense. In assessing an asserted notice deficiency, however, it seems appropriate to seek actual harm by a consideration of the entire record. In this case, a review of the evidence discloses serious deficiencies in terms of identifying when and how the missing record disappeared, whether it was intentionally removed, whether Appellant removed it or was a party to its removal, and whether the folder which Appellant was observed destroying was in fact the record allegedly taken. Retrospectively, the weakness of the State's evidentiary basis for revocation exacerbated the detriment imposed upon Appellant by the scant description provided in the pleading. The third factor also militates in Appellant's favor.

Finally, we note that a reversal will not preclude the State from repleading and pursuing a revocation of Appellant's probation. His probationary period does not expire until 1988.

In light of the foregoing considerations, we have concluded that due process should have compelled a more specific pleading description of the governmental record. Ground of Error No. One is sustained.

We do not reach Grounds of Error Nos. Three and Four.

The judgment is reversed and the cause remanded.