COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO.  
2-02-423-CR
 
MICHAEL DENNIS SAVELL A/K/A                                            APPELLANT 
MICHAEL D. HOLQUIN
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
372ND DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Michael Dennis Savell a/k/a Michael D. Holquin appeals from 
the trial court’s order revoking his community supervision and sentencing him 
to two years’ imprisonment for retaliation. We affirm. 
        On July 28, 2000, appellant pleaded guilty to retaliation. The trial court 
found appellant guilty and sentenced him to two years’ imprisonment. The 
sentence was suspended, and appellant was placed on two years community 
supervision. 
        On December 7, 2001, the State filed a motion to revoke community 
supervision, alleging appellant had violated various terms of his community 
supervision, including testing positive in three urinalysis tests for marijuana and 
failing to pay required court costs, probation fees, fines, and attorney’s fees. 
At the hearing on the State’s motion, appellant expressed dissatisfaction with 
his appointed attorney and, after being admonished by the trial court, was 
allowed to represent himself with his appointed attorney serving as standby 
counsel. Appellant pleaded not true to the allegations raised in the State’s 
petition. Following the hearing, the trial court found that appellant violated 
various terms of his community supervision, including testing positive for 
marijuana three times and failing to make the required payments for court costs, 
probation fees, fines, and attorney’s fees for four months. The trial court 
revoked appellant’s community supervision and assessed punishment at two 
years’ imprisonment. 
        Appellant’s court-appointed appellate counsel has filed a motion to 
withdraw as counsel and a brief in support of that motion. In the brief, counsel 
avers that, in his professional opinion, this appeal is frivolous. Counsel’s brief 
and motion meet the requirements of Anders v. California, 386 U.S. 738, 87 
S. Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief. This court provided 
Appellant the opportunity to file a pro se brief, and he did so. 
        Once Appellant’s court-appointed counsel files a motion to withdraw on 
the ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any arguable 
ground that may be raised on her behalf. Stafford v. State, 813 S.W.2d 503, 
511 (Tex. Crim. App. 1991). 
        Our review of the record reveals no jurisdictional defects. The trial court
had jurisdiction over this case. See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon Supp. 2004). Further, the underlying indictment sufficiently conferred
jurisdiction on the trial court, and the motion to revoke community supervision
provided Appellant with sufficient notice. See Tex. Const. art. V, § 12; Duron 
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); Leyva v. State, 
552 S.W.2d 158, 162 (Tex. Crim. App. 1977).  
        At a community supervision revocation hearing, the State has the burden 
of establishing the alleged violations by a preponderance of the evidence. Cobb 
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the 
sole trier of facts and the sole judge of the credibility of witnesses and the 
weight to be given to their testimony. A reviewing court examines the record 
in the light most favorable to the trial court's ruling. Jackson v. State, 645 
S.W.2d 303, 305 (Tex. Crim. App. 1983). Proof of a violation of a single 
condition of community supervision is sufficient to support a trial court's 
decision to revoke. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 
[Panel Op.] 1980). If there is some evidence to support the trial court's finding 
of a single violation, the revocation order will be upheld. Becker v. State, 33 
S.W.3d 64, 66-67 (Tex. App.—El Paso 2000, no pet.). 
        In his pro se brief, Appellant asserts that the trial court erred by allowing 
him to represent himself at the revocation hearing. When Appellant asserted 
his right to represent himself, the trial court properly admonished him of the
dangers and disadvantages of self-representation and determined that
Appellant’s decision to represent himself was competently and intelligently
made. See Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541
(1975); Hubbard v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The
trial court also required Appellant’s appointed attorney to assist him as standby
counsel. Appellant effectively cross-examined the State’s witness, and several
of his objections were sustained. Appellant’s cross-examination also resulted
in the State withdrawing its claims for non-payment of fees during the months
that Appellant was incarcerated. 
        In his Anders brief, Appellant’s attorney claims that the only issue that 
could be advanced on appeal was the admission of the laboratory results of the 
drug tests through the testimony of the probation officer. Appellant’s attorney 
asserts that this testimony was subject to a hearsay objection, but the error has 
been waived because Appellant did not make a hearsay objection. To preserve 
a complaint for our review, a party must have presented to the trial court a 
timely request, objection, or motion that states the specific grounds for the 
desired ruling, if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). 
If a party fails to do this, error is not preserved, and the complaint is waived. 
Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g). 
        Based on the evidence showing that Appellant tested positive for 
marijuana use three times while on community supervision and that he failed to 
pay the required fees for court costs, probation fees, fines, and attorney’s fees 
for four months, there was sufficient evidence to permit the trial court to 
revoke Appellant’s community supervision. Moreover, we discern no reversible 
error occurring before or at the community supervision revocation hearing. The 
sentence assessed by the trial court is within the statutorily permissible range. 
See Tex. Penal Code Ann. §§ 12.33, 22.02 (Vernon 2003 & Supp. 2004). 
Finally, there is no evidence that Appellant was denied effective assistance of
counsel during the revocation proceedings. See Strickland v. Washington, 466
U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). 
        After independently reviewing the record, we agree with appellate 
counsel’s determination that any appeal from this case would be frivolous. 
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment. 
                                                          PER CURIAM 
 
PANEL F:   GARDNER, LIVINGSTON, and DAUPHINOT, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 20, 2003