SAVELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-423-CR

MICHAEL DENNIS SAVELL A/K/A APPELLANT

MICHAEL D. HOLQUIN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Dennis Savell a/k/a Michael D. Holquin appeals from the trial court’s order revoking his community supervision and sentencing him to two years’ imprisonment for retaliation.  We affirm.

On July 28, 2000, appellant pleaded guilty to retaliation.  The trial court found appellant guilty and sentenced him to two years’ imprisonment.  The sentence was suspended, and appellant was placed on two years community supervision. 

On December 7, 2001, the State filed a motion to revoke community supervision, alleging appellant had violated various terms of his community supervision, including testing positive in three urinalysis tests for marijuana and failing to pay required court costs, probation fees, fines, and attorney’s fees. At the hearing on the State’s motion, appellant expressed dissatisfaction with his appointed attorney and, after being admonished by the trial court, was allowed to represent himself with his appointed attorney serving as standby counsel.  Appellant pleaded not true to the allegations raised in the State’s petition.  Following the hearing, the trial court found that appellant violated various terms of his community supervision, including testing positive for marijuana three times and failing to make the required payments for court costs, probation fees, fines, and attorney’s fees for four months.  The trial court revoked appellant’s community supervision and assessed punishment at two years’ imprisonment.  

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Appellant the opportunity to file a pro se brief, and he did so.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on her behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).  Further, the underlying indictment sufficiently conferred jurisdiction on the trial court, and 
the motion to revoke community supervision provided Appellant with sufficient notice.
 
 
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997);
 Leyva v. State
, 552 S.W.2d 158, 162 (Tex. Crim. App. 1977).
 

At a community supervision revocation hearing, the State has the burden of establishing the alleged violations by a preponderance of the evidence.
  Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole trier of facts and the sole judge of the credibility of witnesses and the weight to be given to their testimony.  A reviewing court examines the record in the light most favorable to the trial court's ruling.  
Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  Proof of a violation of a single condition of community supervision is sufficient to support a trial court's decision to revoke.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).  If there is some evidence to support the trial court's finding of a single violation, the revocation order will be upheld.  
Becker v. State
, 33 S.W.3d 64, 66-67
 (Tex. App.—El Paso 2000, no pet.).

In his pro se brief, Appellant asserts that the trial court erred by allowing him to represent himself at the revocation hearing.  
When Appellant asserted his right to represent himself, the trial court properly admonished him of the dangers and disadvantages of self-representation and determined that Appellant’s decision to represent himself was competently and intelligently made.  
See Faretta v. California, 
422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975); 
Hubbard v. State, 
739 S.W.2d 341, 345 (Tex. Crim. App. 1987).  The trial court also required Appellant’s appointed attorney to assist him as standby counsel.  Appellant effectively cross-examined the State’s witness, and several of his objections were sustained.  Appellant’s cross-examination also resulted in the State withdrawing its claims for non-payment of fees during the months that Appellant was incarcerated.
 

In his 
Anders
 brief, Appellant’s attorney claims that the only issue that could be advanced on appeal was the admission of the laboratory results of the drug tests through the testimony of the probation officer.  Appellant’s attorney asserts that this testimony was subject to a hearsay objection, but the error has been waived because Appellant did not make a hearsay objection.  
To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).
  

Based on the evidence showing that Appellant tested positive for marijuana use three times while on community supervision and that he failed to pay the required fees 
for court costs, probation fees, fines, and attorney’s fees
 for four months, there was sufficient evidence to permit the trial court to revoke Appellant’s community supervision.  Moreover, we discern no reversible error occurring before or at the community supervision revocation hearing.  The sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 22.02
 (Vernon 2003 & Supp. 2004). 
 Finally, there is no evidence that Appellant was denied effective assistance of counsel during the revocation proceedings. 
 See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). 

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 20, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.