NUMBER 13-03-737-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CLIFFORD WASHINGTON,                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Clifford Louis Washington, was found guilty of possession of cocaine, and
was sentenced to community supervision.


 Appellant’s community supervision was
subsequently revoked and he was sentenced to one year of imprisonment. Appellant
contends on appeal that the trial judge erred by denying his motion for psychological
evaluation on the issue of incompetency and by not holding a competency hearing prior
to trial. Because we find that appellant did not provide sufficient evidence of
incompetency, we affirm.
I. Background
After being arrested for possession of a controlled substance, appellant was
deemed incompetent to stand trial. The trial judge ordered him committed to a mental
health facility for a period not to exceed eighteen months, and ordered the facility to notify
the court promptly if appellant attained competency. Several months later, Dr. Gabriel
Durand-Hollis, appellant’s attending physician at Big Spring State Hospital, notified the
court that appellant was competent to stand trial. Appellant subsequently pleaded guilty
to possession of a controlled substance and was sentenced to community supervision. 
After appellant violated provisions of his community supervision agreement, the
State filed a motion to revoke appellant’s community supervision. Prior to trial, defense
counsel filed a motion for psychological evaluation on the issue of incompetency. 
However, counsel withdrew this motion at the start of trial before the judge could rule on
it, stating that he and appellant had discussed the matter and decided that appellant was
competent. The trial judge warned counsel that, while it might be appropriate to renew the
motion at a later time, he would view the motion with disfavor if it was only renewed after
damaging evidence emerged or unfavorable rulings occurred. The State then presented
several witnesses who testified that appellant had failed to meet the terms of his release. 
          At trial, appellant’s testimony was rambling and occasionally non-responsive. 
Following appellant’s testimony, defense counsel made an oral motion to appoint an expert
witness to evaluate appellant’s competency. The trial judge denied the motion, found that
appellant had violated the terms of his community supervision agreement, and sentenced
appellant to one year in a state jail facility. 
II. Standard of Review
The appointment of an expert witness to evaluate a defendant regarding
competency is within the discretion of the trial judge. Tex. Code Crim. Proc. Ann. art.
46.02 § 3(a) (Vernon Supp. 2004);


 Levya v. State, 552 S.W.2d 158, 161 (Tex. Crim. App.
1977). On this issue, a trial judge’s decision is subject to reversal only if the decision
constitutes an abuse of discretion. Levya, 552 S.W.2d at 161. Likewise, the standard of
review for evaluating a decision of whether to conduct an article 46.02, section 2
competency inquiry or hearing is whether the trial court abused its discretion. Garcia v.
State, 595 S.W.2d 538, 542 (Tex. Crim. App. 1980); Grider v. State, 69 S.W.3d 681, 685
(Tex. App.–Texarkana 2002, no pet.). 
A trial court in Texas is subject to reversal for abuse of discretion only if the decision
was “arbitrary or unreasonable.” Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim.
App. 1991) (op. on reh’g). As long as a “trial court follows the appropriate analysis and
balancing factors,” an appellate court should not impose its own judgment, regardless of
how the appellate court may have preferred the case adjudicated on the merits. Id. 
III. Appointment of Expert Witness
By his first issue, appellant alleges that the trial judge’s refusal to appoint an expert
witness to examine him regarding competency constitutes error. The relevant statute
provides:
At any time the issue of the defendant’s incompetency to
stand trial is raised, the court may . . . appoint . . .
disinterested experts...to examine the defendant with regard
to his competency to stand trial and to testify at any trial or
hearing on this issue.
 
Tex. Code Crim. Proc. Ann. art. 46.02, § 3(a). 
 
          The decision to appoint a disinterested expert to make a competency determination
is within the sound discretion of the trial court and is only reversible where the court
abuses that discretion. Bigby v. State, 892 S.W.2d 864, 885 (Tex. 1994). To determine
if a trial judge abused his discretion concerning the statute, it is necessary to review the
individual facts of the case. Levya, 552 S.W.2d at 161. Even if there is some evidence
to suggest that a defendant is incompetent, section 3(a) does not necessarily compel the
trial judge to appoint an expert witness. Id. Although a defendant is not required to prove
he is incompetent to be entitled to a psychological examination, he must raise an issue
of competence by providing the court with some evidence to support a finding of
incompetency. Grider, 69 S.W.3d at 684-85.
          Here, appellant had earlier been deemed incompetent to stand trial but was
subsequently declared to have regained competency sufficient to stand trial. Evidence
at trial suggested that appellant was indeed competent. The record reflects that Rogelio
Sepulveda, a mental health and mental retardation (“MHMR”) service coordinator, testified
that appellant was rational and seemed competent. Sepulveda further testified that
appellant had been cooperative, rational, and had taken his medication since being re-incarcerated. 
          Furthermore, appellant’s testimony on the stand was rational. He testified that he
understood the allegations as read by the judge, and stated that he believed he was
competent to stand trial. Appellant also demonstrated a firm grasp of the facts of the
case. The record shows that he was able to denote subtle distinctions regarding the
appropriate answers to the prosecutor’s questions. Although he was occasionally non-responsive, such lapses occurred when he attempted to cut straight to what he evidently
perceived to be the underlying problems regarding his probation violation. At one point,
appellant testified non-responsively but extensively and lucidly about his disagreement
with MHMR regarding the proper prescription medications that he should be taking. 
Appellant was again non-responsive when he articulated in much detail the reasons why
he was unable to attend certain appointments required by his community supervision
agreement. Such non-responsive answers militate against appointing an expert to
determine appellant’s competency, as he demonstrated an ability to anticipate,
understand, and attempt to mitigate the impact of potentially damaging responses. 
Appellant’s non-responsive answers demonstrate a lack of legal experience and
knowledge of appropriate court room procedure, not a lack of competence.
          The trial judge deemed not appointing an expert witness appropriate after having
heard the evidence and testimony of appellant. There was considerable evidence to
support the trial judge’s decision and no direct evidence of incompetency. As such, we
conclude that this decision was not an abuse of discretion. Accordingly, appellant’s first
issue is overruled. 
IV. Competency Hearing Prior to Trial
          By his second issue, appellant alleges that the judge’s refusal to hold a
competency hearing prior to trial constitutes an abuse of discretion. The relevant statute
provides:
The issue of the defendant’s incompetency to stand trial
shall be determined in advance of the trial on the merits if
the court determines there is evidence to support a finding of
incompetency to stand trial on its own motion or on written
motion by the defendant or his counsel filed prior to the date
set for trial on the merits asserting that the defendant is
incompetent to stand trial.
 
Tex. Code Crim. Proc. Ann. art. 46.02, § 2(a) (Vernon Supp. 2004). 
 
          Defense counsel filed a motion for a psychological evaluation but withdrew it before
the judge made a ruling. Thus, the question becomes whether the trial judge should have
sua sponte held a section 2(a) competency inquiry to determine if a competency hearing
was necessary prior to trial. See id. 
          The standard for whether a court should hold a section 2(a) competency hearing
prior to trial, upon a motion by a party or the court, is “whether there is some evidence, a
quantity more than none or a scintilla, that rationally may lead to a conclusion of
incompetence.” Sisco v. State, 599 S.W.2d 607, 613 (Tex. Crim. App. 1980). A trial
judge should not consider evidence of competence, but merely determine whether any
evidence of incompetence exists. See Alcott v. Texas, 51 S.W.3d 596, 600 (Tex. Crim.
App. 2001); Sisco, 599 S.W.2d at 613.
          Appellant alleges that his history of mental illness, prior judgment of incompetency,
and filing of a motion for a psychological evaluation constitute evidence sufficient to
require the trial judge to hold a competency inquiry pursuant to section 2(a). A history of
mental illness, even if judicially recognized, does not constitute evidence of incompetency
to stand trial. See Levya, 552 S.W.2d at 160. Further, appellant’s motion for
psychological evaluation is not probative of whether appellant was actually competent to
stand trial. Otherwise, the mere filing of such a motion would always constitute sufficient
evidence to require a hearing regarding competence, a patently absurd result. See Collier
v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997) (trial court exercised unnecessary
“abundance of caution” when it held pre-trial hearing on competency when some evidence
was a motion to appoint expert witness).
          Appellant’s prior judicial determination of incompetency occurred on November 5,
2002, more than a year before the relevant trial was held. At that time, the jury
determined that there was “a substantial probability” that appellant would soon be
competent. This period of incompetency was declared over on March 24, 2003. The trial
judge was within his discretion in determining that a brief period of incompetency that
ended eight months prior to the relevant trial date, unaccompanied by any allegations of
relapse or current incompetency, constitutes less than a scintilla of evidence that rationally
may lead to a conclusion that appellant was incompetent immediately prior to the trial. 
We conclude, therefore, that the trial judge did not abuse his discretion in not holding a
section 2(a) hearing and accordingly, overrule appellant’s second issue. We affirm the
decision of the trial court.            DORI CONTRERAS GARZA,
                                                                                      Justice
 
 Do not publish.
         Tex.R.App.P. 47.2(b)
         Memorandum Opinion delivered 
         and filed this the 19th day of August, 2004.