In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00110-CV


______________________________




DARRELL MCKNIGHT AND MICHAEL PALMER, Appellants



V.



AMERICAN MERCURY INSURANCE COMPANY, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 2007-612-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Darrell McKnight and Michael Palmer, the appellants in this case, have filed a motion
seeking to dismiss their appeal. Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure,
their motion is granted. See Tex. R. App. P. 42.1.

 We dismiss the appeal.





 Bailey C. Moseley

 Justice


Date Submitted: November 26, 2007

Date Decided: November 27, 2007



yle="text-align: center">No. 06-03-00160-CR
______________________________


LEE CLINTON HOBDY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 20449


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            On the morning Lee Clinton Hobdy's trial was to begin on the charge of aggravated assault
of a public servant—after jurors had been selected but before they were sworn—Hobdy's counsel
filed a motion that Hobdy be examined to determine his competency to stand trial and that the issue
of Hobdy's competency be tried to a jury before a trial on the merits began. After hearing evidence
and argument of counsel, the trial court denied Hobdy's motion and proceeded with trial. Appealing
his conviction,


 Hobdy asserts the trial court's failure to appoint a mental health expert to examine
Hobdy and determine his competency to stand trial (1) abused the trial court's discretion and
(2) denied Hobdy the due process of law guaranteed by the Fourteenth Amendment to the United
States Constitution. We affirm Hobdy's conviction because we find no evidence sufficient to raise
the issue of Hobdy's competency to stand trial.
Appointment of a Mental Health Expert Under State Law
            A person is presumed to be competent to stand trial unless proven incompetent. Tex. Code
Crim. Proc. Ann. art. 46.02, § 1A(b) (Vernon Supp. 2004). A person is incompetent to stand trial
if that person lacks "sufficient present ability to consult with [that] person's lawyer with a reasonable
degree of rational understanding; or . . . a rational as well as factual understanding of the proceedings
against [that] person." Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a)(1), (2) (Vernon Supp.
2004). If evidence of the defendant's incompetency is brought to the court's attention from any
source, the court must conduct a hearing (or inquiry) out of the presence of the jury to determine
whether there is evidence to support a finding of incompetency to stand trial. Tex. Code Crim.
Proc. Ann. art. 46.02, § 2(b) (Vernon Supp. 2004).
            A Section 2 hearing is required only if the evidence brought to the trial court's attention is
such as to raise a bona fide doubt in the court's mind as to the defendant's competency to stand trial. 
Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001); Collier v. State, 959 S.W.2d 621, 625
(Tex. Crim. App. 1997). In general, a bona fide doubt is raised, so as to require a Section 2 hearing,
only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or
truly bizarre acts by the defendant. Collier, 959 S.W.2d at 625; Mata v. State, 632 S.W.2d 355, 359
(Tex. Crim. App. 1982).
            At the time Hobdy's motion was filed and ruled on by the trial court, July 8, 2003, a trial
court could appoint a mental health expert to examine a defendant if his or her competency to stand
trial had been raised.
At any time the issue of the defendant's incompetency to stand trial is raised, the
court may, . . . appoint . . . disinterested experts experienced and qualified in mental
health or mental retardation to examine the defendant with regard to his competency
to stand trial . . . .

Tex. Code Crim. Proc. Ann. art. 46.02, § 3(a) (Vernon Supp. 2004) (repealed effective January 1,
2004).



            The decision whether to appoint a disinterested expert to examine a defendant and report on
his or her competency to stand trial is within the sound discretion of the trial court and therefore is
reversible only where the court abused that discretion. Bigby v. State, 892 S.W.2d 864 (Tex. Crim.
App. 1994); Leyva v. State, 552 S.W.2d 158 (Tex. Crim. App. 1977). Our review of the trial court's
decision should include all the relevant evidence in the record. Bigby, 892 S.W.2d at 885.
Due Process Requirements
            Due process for an indigent criminal defendant requires appointment of an expert when one
is necessary to assist with any issue in the case which is "significant." Jackson v. State, 992 S.W.2d
469, 474 (Tex. Crim. App. 1999); see Ake v. Oklahoma, 470 U.S. 68, 83 (1985) (insanity at time of
offense). If competency to stand trial is raised by evidence showing it is a significant issue, due
process would require appointment of a mental health professional to examine the defendant. But
that due process right—like the state law right to an examination—is not triggered unless that initial
evidentiary threshold has been crossed. It was not crossed here.
Analysis of the Evidence
            A careful review of the record reveals Hobdy's unusual behavior but does not justify a finding
that the trial court either abused its discretion or denied Hobdy due process in overruling his motion
for a competency examination.
            Hobdy's counsel, in testifying before the trial court in support of his motion for an
examination, recited a number of things. None of counsel's comments constituted evidence which
should raise a doubt with the trial court about Hobdy's competency, because the comments were
either conclusory or irrelevant to competency to stand trial—or both.
            Some of counsel's comments were merely conclusory. These include counsel's statements
that Hobdy's making "finger" gestures at the State witnesses in the jury box showed his "irrational
and bizarre behavior"; that prior extraneous offenses and bad acts suggest Hobdy's aberrant behavior,
past mental problems, and "irrational inability to control his emotions and subsequent rage"; and that
counsel had not recognized any competency problem until the evening before filing the motion. 
Also conclusory were counsel's expressed beliefs that Hobdy is "intermittently not rational," that
Hobdy "does not have the present sufficient ability to consult with me with a reasonable degree of
rational understanding"; that Hobdy does not have "a rational as well as a factual understanding of
the current proceedings against him"; that sometimes he believes Hobdy understands what he is on
trial for, but that "he just doesn't have a grasp of it"; or that he disbelieves Hobdy understands the
range of punishment, but believes Hobdy at times understands he is on trial for assaulting a guard. 
Conclusory testimony is not evidence. See Gill v. State, 556 S.W.2d 354, 355 (Tex. Crim. App.
1977); Melancon v. State, 66 S.W.3d 375, 380 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).
            The other items offered were simply not relevant to the issue of competency to stand trial. 
In this category were counsel's remarks that Hobdy's ability to recall or provide him information was
"random at best"; that Hobdy had refused to cooperate at times and refused to discuss any plea offers; 
that Hobdy disobeyed counsel's instructions to face the venire panel during voir dire, instead facing
State witnesses sitting in the jury box and mouthing words at them, then reportedly denying doing
so; that Hobdy had previously expressed a desire for mental health evaluation and treatment, but
received only a cursory evaluation; and that Hobdy is reportedly of "low intelligence." We add to
this category counsel's expressed beliefs that Hobdy "lacks the ability to control his emotions," "is
a danger to himself and others," and "will only get worse if . . . not evaluated and treated." Also not
relevant to competency are elements quoted from Hobdy's medical records


 from 1997 to 1998
recommending that Hobdy "should be seen on a regular basis because of his supposed self-mutilation" and that he should "see mental health people before something serious happens," or
recounting Hobdy's expressed belief that he needs "to go to Skyview" and that he is "just tired of
life." To raise a bona fide doubt about a defendant's competency to stand trial, the evidence must
indicate a recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by
the defendant. Collier, 959 S.W.2d at 625; Mata, 632 S.W.2d at 359. The evidence indicates none
of those things.
[A]ppellant has not shown that his competency . . . would be a significant factor at
trial. The beliefs or speculations of appellant's attorney do not meet the type of
showing required . . . . Moreover, a request for a psychiatric evaluation is not
probative of incompetence. See Gardner v. State, 733 S.W.2d 195, 200 (Tex. Crim.
App. 1987), cert. denied, 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989);
Burks v. State, 792 S.W.2d 835, 840 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd).
Knight v. State, 868 S.W.2d 21, 24 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).
            We find no evidence that would require the trial court to appoint an independent mental
health expert to examine and report on Hobdy's competency. Because error has not been shown, we
overrule Hobdy's contentions of error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 11, 2004
Date Decided:             June 25, 2004

Do Not Publish