**Opinion filed July 26, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00211-CR

_____

## MANUEL R. CARRASCO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-37,806**

### M E M O R A N D U M   O P I N I O N

Appellant, Manuel R. Carrasco, pleaded guilty to felony driving while intoxicated. Pursuant to the terms of the plea agreement, the trial court assessed his punishment at confinement for five years and a $2,000 fine. However, the trial court suspended the imposition of the confinement portion of Appellant's sentence and placed him on community supervision for five years.

The State subsequently filed a motion to revoke community supervision. The State alleged three violations of the terms and conditions of community supervision.

At a hearing on the motion, Appellant pleaded true to all three of the alleged violations. After hearing testimony from Appellant's community supervision officer, the trial court found all three of the State's alleged violations to be true, revoked Appellant's community supervision, and imposed the original sentence of confinement for five years. The trial court also ordered Appellant to pay restitution to the Adult Probation Department of Ector County in the amount of $1,375. Appellant challenges the revocation of his community supervision in three issues. We modify and affirm.

In his first issue, Appellant asserts that the trial court erred in determining that he violated condition (a) of the terms and conditions of his community supervision. Condition (a) of Appellant's terms and conditions of community supervision required that he "[c]ommit no offenses against the laws of this or any other State or the United States." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(1) (West 2018). Condition (d) required Appellant to "[m]ake a TRUTHFUL report in WRITING and IN PERSON to the Community Supervision Officer as directed by the Community Supervision Officer."[1] *See id.* art. 42A.301(b)(4). In its motion to revoke, the State's first and second alleged violations stated as follows:

1) On or about May 14, 2014, Manuel R. Carrasco failed to report in writing and in person to his Community Supervision Officer as ordered by the Court. This is a violation of Rule (a) of the Rules of Community Supervision.

2) On or about May 28, 2014, or any subsequent date, Manuel R. Carrasco failed to report in writing and in person to his Community Supervision Officer as ordered by the Court. This is a violation of Rule (a) of the Rules of Community Supervision.

---

[1]The terms and conditions of Appellant's community supervision also contained a statement signed by Appellant wherein he agreed as follows: "*I understand that I must report to my community supervision officer as directed* . . . ."

Thus, the State erroneously identified the particular rule of community supervision that Appellant allegedly violated because the rule requiring him to report was condition (d).  Based upon this error, Appellant contends that the State failed to prove the first and second allegations because the State did not provide any evidence that Appellant violated a state or federal law.  Appellant asserts that the trial court abused its discretion in finding these alleged violations to be true in the absence of evidence that Appellant violated any laws.  We disagree with Appellant's analysis.

We review a trial court's order revoking community supervision for an abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (citing *Cardona v. State*, 665 S.W.2d 492, 493–494 (Tex. Crim. App. 1984)).  The State satisfies its burden when the greater weight of credible evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his community supervision.  *Rickels*, 202 S.W.3d at 763–64.  Proof of one violation of the terms and conditions of community supervision is sufficient to support revocation.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).  Thus, in order to prevail, the defendant must successfully challenge all the findings that support the revocation order.  *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, no pet.).

Appellant is essentially asserting in his first issue that his due process rights were violated because the trial court revoked his community supervision based upon a violation that was not alleged in the motion to revoke.  He also complains that there is no evidence that he committed an offense.

The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was

afforded due process of law. *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015) (citing *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012)). As noted in *Tapia*, the U.S. Supreme Court in *Gagnon v. Scarpelli* enunciated the minimum requirements of due process that must be observed in community supervision revocation hearings. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). These minimum requirements include written notice of the claimed violations of probation and a disclosure to the probationer of the evidence against him. *Id.*; *see Tapia*, 462 S.W.3d at 41.

Due process requires the State to give a defendant written notice informing him of the terms and conditions of the community supervision order that he is alleged to have violated. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980); *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.—Beaumont 2010, no pet.). The allegations contained in a motion filed by the State to revoke the defendant's placement on community supervision operate to limit the trial court's authority because the trial court is required to revoke on the grounds that are alleged in the motion. *Moore v. State*, 11 S.W.3d 495, 499 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Staten*, 328 S.W.3d at 906. Nonetheless, a motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. *Labelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986); *Champion v. State*, 590 S.W.2d 495, 497 (Tex. Crim. App. [Panel Op.] 1979); *Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). "All that is required is that the motion to revoke should fully and clearly set forth the basis upon which the State seeks revocation so that a defendant and his counsel might be informed as to that upon which he will be called to defend." *Leyva v. State*, 552 S.W.2d 158, 162 (Tex. Crim. App. 1977).

Despite the misidentification of the "letter" of the condition of community supervision that he violated, the first two allegations of the motion to revoke alleged that Appellant "failed to report in writing and in person to his community supervision officer as ordered by the Court." The text of these allegations tracked the wording of condition (d) of Appellant's rules of community supervision. These allegations provided Appellant with written notice that he violated the requirements to report as required by condition (d) despite the misidentification of that condition as "Rule (a)." Accordingly, Appellant's due process rights to written notice of the allegations against him were not violated. *See Leyva*, 552 S.W.2d at 162.

With respect to his evidentiary complaint, Appellant pleaded true to both of the allegations that he is challenging in his first issue. A plea of true, standing alone, supports revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see also Tapia*, 462 S.W.3d at 31 n.2. When a defendant enters a plea of true at a revocation hearing, the proceeding becomes a unitary proceeding to determine the remaining issue of punishment. *Tapia*, 462 S.W.3d at 31 n.2. Moreover, Appellant's community supervision officer, Deyda Alli, testified that Appellant was required to report both in person and in writing and that Appellant understood this requirement. Alli testified that, as of the date of the hearing, Appellant had not reported to the community supervision department for over two years. Accordingly, the State adduced evidence supporting the allegations that Appellant failed to report to the community supervision department as alleged in the motion to revoke. We overrule Appellant's first issue.

In his second issue, Appellant asserts that the trial court erred by revoking Appellant's community supervision based upon an allegation that he failed to pay required community supervision fees. Appellant contends that the State failed to prove that he had the financial ability to pay this fee. *See Rusk v. State*, 440 S.W.3d 694, 701 (Tex. App.—Texarkana 2013, no pet.). In light of our disposition of

5

Appellant's first issue, we do not reach his second issue. *See Smith*, 286 S.W.3d at 342; *Jones*, 571 S.W.2d at 193–94; *see also Harris*, 160 S.W.3d at 626.

In his third issue, Appellant alleges ineffective assistance of trial counsel. In order to establish that trial counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999). Courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

"[A]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Under normal circumstances, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no

competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

Appellant partially bases his claim of ineffective assistance of counsel upon the contention that trial counsel should have objected to the State's motion to revoke or filed a motion to quash it with respect to the matters he has raised in his first issue. Appellant contends that, if his trial counsel had filed a motion to quash the motion to revoke, the State would not have been permitted to amend the motion to revoke because Appellant's five-year period of community supervision had ended. *See Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976) ("[T]he right of the court to revoke is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period."). Appellant's contention is based on his premise that the State did not allege a violation of the reporting requirement set out in condition (d). We have held otherwise with respect to Appellant's first issue. Accordingly, we conclude that a motion challenging the clerical error in the State's motion to revoke would not have resulted in a different outcome.

The remainder of Appellant's third issue addresses the State's allegation that he failed to pay supervision fees of $55 per month. He contends that trial counsel was deficient for failing to require the State to prove that he had the ability to pay this fee. He also asserts that trial counsel should have pointed out a clerical error in the terms and conditions of his community supervision wherein it appeared that he was only required to make monthly payments of "$0.00" per month.[2] We do not reach these contentions for the same reason that we did not reach his second issue.

---

[2]Condition (m) of the terms and conditions of community supervision required Appellant to "[p]ay restitution in the amount of $0.00, a Supervision Fee of $55.00 a month. All of the above to be [p]aid at the rate of $0.00 [sic] per month." We note that, in the plea papers that Appellant executed, he agreed to pay an administrative probation fee of $55 per month for each month that he was on community supervision.

In this regard, our affirmance of the revocation of Appellant's community supervision on the ground that he failed to comply with the reporting requirement of his terms and conditions of community supervision is dispositive of Appellant's appeal. We overrule Appellant's third issue.

Finally, the trial court's judgment revoking community supervision contains the same clerical error as does the State's motion to revoke with respect to the "letter" designation of the rule of community supervision that Appellant violated. The judgment revoking community supervision is modified to reflect that Appellant violated "Rule D" rather than "Rule A" concerning paragraph 1 and paragraph 2 of the State's motion to revoke.

*This Court's Ruling*

As modified, we affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


July 26, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.