NO. 07-01-0330-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 31, 2003

_____

JOSE VALDERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-06-5139; HONORABLE ANDY KUPPER, JUDGE

_____

Before JOHNSON, C.J. and QUINN and REAVIS, JJ.

**OPINION**

Appellant Jose Valderas appeals from his conviction for aggravated sexual assault, enhanced. By two issues he asserts that (1) the trial court violated his due process rights by failing to *sua sponte* order appellant to submit to an examination in a mental health facility to determine his competency to stand trial, and (2) his trial counsel rendered ineffective assistance of counsel by (a) failing to investigate appellant's mental health

history, and (b) failing to request an order committing appellant to a mental health facility pursuant to TEX. CRIM. PROC. CODE ANN. art. 46.02, § 3(b) (Vernon Supp. 2004). We affirm.

## BACKGROUND

Appellant was indicted in the 286th District Court of Hockley County (the trial court) for two counts of aggravated sexual assault. The victim was a female child in his care. Appellant's trial counsel filed a pretrial motion requesting the court to appoint a mental health expert to examine appellant with regard to his competency to stand trial. The trial judge appointed Dr. Philip Davis, a psychologist, to examine appellant. A hearing was held on appellant's motion. At the hearing, Dr. Davis testified that he attempted to examine appellant at the Hockley County jail, but that appellant refused to meet with or allow Dr. Davis to examine him. Appellant testified that he refused to be examined by Dr. Davis, and that he would continue to refuse to be examined even if the trial court ordered him to be committed to a mental health facility. Appellant also testified that he understood the offense he was charged with, he wished to turn down a plea bargain offer of 50 years incarceration, he understood that the range of punishment for the offense he was charged with was 15 to 99 years incarceration, and he wished for the jury to sentence him to death even though he understood he was not eligible for the death penalty if convicted. The trial court ruled that appellant was competent to stand trial.

2

Appellant pled not guilty until trial, although he filed letters and documents indicating that he was remorseful about his actions which resulted in the indictments and wanted to accept his punishment. At trial, appellant pled guilty to both counts in the indictment and true to the enhancement charge. Punishment was tried to a jury. Appellant testified during the punishment phase of trial. The jury sentenced him to 99 years incarceration and a fine of $10,000.00 as to each count.

## ISSUE ONE: FAILURE TO ORDER AN EXAMINATION IN A MENTAL HEALTH FACILITY

By his first issue, appellant argues that the trial court erred in failing to *sua sponte* order him to submit to an examination in a mental health facility to determine his competency to stand trial. Appellant asserts that once the trial court began on a course of determining appellant's competency to stand trial, the court could not settle the issue by conducting a hearing without the assistance of mental health expert evidence. He alleges that the trial court's error denied him due process of law in violation of the Fourteenth Amendment of the United States Constitution.

A person is legally incompetent to stand trial if the person does not have the capacity to (1) understand the nature and object of the proceedings against him, (2) consult with counsel, and (3) assist in preparing his defense. See McDaniel v. State, 98 S.W.3d 704, 709 (Tex.Crim.App. 2003). The conviction of an accused who is legally incompetent violates due process, and a trial court must inquire into the accused's mental competence once the issue is sufficiently raised. Id. A court must *sua sponte* conduct an

3

inquiry into a defendant's mental capacity if the evidence raises a *bona fide* doubt as to the defendant's competency. See Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Evidence which shows recent severe mental illness, moderate or greater retardation, or truly bizarre acts by the defendant is sufficient to create a *bona fide* doubt. McDaniel, 98 S.W.3d at 710. In determining whether there is an issue of a defendant's incompetency, the trial court must consider only that evidence tending to show incompetency, putting aside all competing indications of competency. Barber v. State, 737 S.W.2d 824, 828 (Tex.Crim.App. 1987). Neither the fact that a motion is made which asserts "an issue" of competency or incompetency, nor the fact that a court orders a defendant to undergo a psychiatric evaluation, by themselves, are sufficient to require the trial court to inquire into a defendant's competency. See McDaniel, 98 S.W.3d at 711.

Appellant cites Bouchillon v. Collins, 907 F.2d 589 (5th Cir. 1990) for his argument that once the trial court began on a course of determining appellant's competency to stand trial, the court could not settle the issue by conducting a hearing without the assistance of mental health expert evidence. In Bouchillon, the defendant pled guilty to one count of aggravated robbery and was sentenced to 20 years incarceration. Bouchillon did not appeal the conviction. Rather, he embarked on a lengthy course of seeking habeas relief based on a claim that he was insane at the time of the offense, incompetent at the time of his plea, and received ineffective assistance of counsel because his attorney did not investigate his insanity defense or his competency as of the time of his plea. Bouchillon eventually obtained an evidentiary hearing in the federal system. Based on evidence at

that hearing, including expert mental health evidence, the trial court determined Bouchillon to have been incompetent at the time he pled guilty. The Fifth Circuit affirmed. In doing so, however, the Court did not hold, as appellant contends, that either procedural or substantive due process requires a trial court to order the defendant confined to a mental health facility for a mental health interview, or that absent a mental health expert opinion, a defendant could not be found competent. As related to appellant's issue, the Fifth Circuit specifically noted that Bouchillon's claim was not a claim that he was denied procedural due process because the trial court failed to hold a competency hearing either *sua sponte* or because of notice that Bouchillon was incompetent. Id. at 592 n.4. The Court distinguished the substantive due process claim of incompetence made by Bouchillon from a procedural due process claim based on a trial court's failure to make a competency inquiry or hold a competency hearing once competency was raised as an issue. Id. For a discussion of the difference between an allegation of procedural error and a collateral attack with respect to the substantive issue of competence, the court referred to Lokos v. Capps, 625 F.2d 1258, 1261-64 (5th Cir. 1980).

In Lokos, the court stated that a person who has been convicted may collaterally attack the judgment by proving his or her incompetency at the time of the plea. Id. at 1261. According to the Lokos court, a substantive claim of incompetency should not be confused with a defendant's procedural rights to a hearing whenever a *bona fide* doubt as to competence surfaces at trial. Instead, the complaint that a procedural guarantee was

5

violated is that, in light of what was then known to the trial court, the failure to make further inquiry into defendant's competence to stand trial denied him a fair trial.  Id.

Appellant's argument that he was deprived of a due process right by the trial court's failure to *sua sponte* order him to submit to a competency examination in a mental health facility attempts to give constitutional status to a statutory provision which authorizes, but does not mandate, a trial court to order a defendant to submit to examination in a mental health facility.  See TEX. CRIM. PROC. CODE ANN. art. 46.02, § 3(b) (Vernon Supp. 2004) (If the defendant fails or refuses to submit to examination, the court may order the defendant to submit to examination in a mental health facility determined to be appropriate by the local mental health or mental retardation authority for a reasonable period not to exceed 21 days). Bouchillon does not hold that constitutional due process requires such a procedure.  Appellant refers us to no other authority which he contends does so, and we decline to so hold.

A significant part of appellant's argument goes beyond his issue as stated, and urges that the evidence required the trial court to do more than it did.  We disagree.

In looking to Lokos and McDaniel for guidance, we note that appellant's Motion for Examination of Defendant filed by his trial counsel did not assert that appellant was incompetent to stand trial.  The motion did not present any affidavits, records or other supporting evidence.  No records of prior medical or psychological care or opinions were produced for the trial court's consideration at any time.  Following entry of an order for

6

appellant to be examined by Dr. Davis, the trial court held a hearing on appellant's motion. At that hearing Dr. Davis and appellant testified. Dr. Davis testified that he had been furnished a copy of the court's order that he examine appellant to determine competency, together with information from the defense attorney including copies of offense reports and "other information and background." He further testified that when he went to the jail, appellant refused to meet with him, be interviewed by him or be examined by him. Accordingly, Dr. Davis was unable to perform an examination or opine as to appellant's competency. The doctor testified that appellant's failure to meet with or be interviewed by him was not necessarily evidence of incompetency.

Appellant testified that he understood the judge could order him transported to a mental health facility to be examined by a mental health expert. Appellant further testified that if he was sent to such a facility, he would refuse to submit to an examination. The trial court questioned appellant about appellant's understanding of the proceedings, a conflict appellant asserted he was having with his appointed counsel, and motions appellant desired his counsel to file in the case. Appellant's answers do not reflect any misunderstanding of the proceedings or inability to communicate with or assist his counsel. Counsel did not indicate in any manner that appellant was incapable of consulting with counsel on a reasonable basis.

Appellant attended a subsequent hearing on pretrial motions. His trial counsel presented a *pro se* motion which appellant directed counsel to file. The trial judge

addressed appellant directly on the motion. Neither counsel nor appellant made any complaint of being unable to communicate with the other as to appellant's defense.

At trial appellant pled guilty. Before accepting the plea, the trial court admonished appellant and fully examined defense counsel and appellant about the plea, the reasons for it, and its voluntariness. The judge discussed with appellant the earlier hearing wherein Dr. Davis and appellant testified that appellant refused to be examined, and would continue to refuse to be examined, for competency. Appellant was cognizant of and recalled the substance of the hearing. Appellant was examined about his desire to testify during the punishment phase of trial. He told the judge that his attorney had advised him against testifying, but that he was determined to do so, anyway. At this hearing there was no evidence that appellant was unable to consult with his attorney in a rational manner, or that appellant did not have a factual and rational understanding of the proceedings against him.

Appellant took the stand twice and testified fairly extensively during the punishment phase of trial. Some of his testimony was in question and answer form; some was narrative. Some of the testimony could have been clearer in its import or phrased differently, but the tenor of the testimony was consistent with appellant's pretrial expressions: he felt guilty about the sexual assault incident, was personally facing up to what he considered to have been deplorable conduct and wanted to accept punishment.

8

Appellant's brief refers to "bizarre" behavior by appellant during hearings and at trial, as well as "goofy" statements in letters written to the trial judge. We disagree with counsel's characterizations. Appellant's actions as expressed in letters and during hearings, placed in context, were neither bizarre nor goofy. Appellant's actions reflected significant remorse for and pursuit of punishment for his aggravated sexual assault of a minor female who was in his custody. The "goofy" statement referenced appellant's attempt to elicit the trial judge's assistance in securing income tax refunds which appellant believed were being diverted by a relative while he was in jail. We do not view appellant's attempt to protect his income tax refunds, even if by misguided requests to the trial judge, as so irrational or bizarre as to indicate incompetency.

The evidence was not such that procedural due process required the trial court to hold a competency inquiry, see McDaniel, 98 S.W.3d at 709-11, although one was held. The trial court did not violate appellant's constitutional procedural due process rights by failing to order appellant to submit to examination in a mental health facility, as permitted by statute, or by hearing appellant's Motion to Determine Competency without expert mental health evidence as to appellant's competence.

We overrule appellant's first issue.

ISSUE TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth amendments to the United States

9

Constitution by his trial counsel's failure to (1) investigate appellant's mental health history, and (2) request an order from the trial court ordering appellant to submit to a competency examination in a mental health facility. The State responds that appellant's claim of ineffective assistance of counsel is not supported by the record.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. Id. If appellant has demonstrated deficient assistance of counsel, it is then necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Hernandez, 726 S.W.2d at 55.

Any allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both

10

showings an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993).

## A. Duty to Investigate

An attorney representing a defendant must acquaint himself or herself not only with the law but also the facts of the case before the attorney can render reasonably effective assistance of counsel. Ex parte Pool, 738 S.W.2d 285, 286 (Tex.Crim.App. 1987); Butler v. State, 716 S.W.2d 48, 54 (Tex.Crim.App.1986). We will not reverse a conviction unless the consequence of the failure to investigate "is that the only viable defense available to the accused is not advanced...[and] there is a reasonable probability that, but for counsel's [failure to advance the defense], the result of the proceeding would have been different." McFarland, 928 S.W.2d at 501.

Appellant asserts that his trial counsel was ineffective for failing to obtain medical records relating to appellant's mental health history and present those records to Dr. Davis and to the trial court for purposes of evaluating appellant's competency to stand trial. In support of his argument, appellant refers us to a portion of appellant's guilty plea. During the process of pleading guilty, a colloquy occurred between the trial judge and appellant in which appellant stated that he had been previously treated by a doctor for a mental condition. Appellant related to the judge that the treatment had been related to a sex offense committed by appellant. Appellant denied ever being prescribed any medications

11

during this treatment and also denied ever being committed to a mental institution. Appellant opined that he was mentally competent to stand trial.

The record is insufficient to merit a conclusion that appellant's trial counsel failed to adequately investigate appellant's case and in so failing, failed to discover any documents or records relevant to determining appellant's incompetency to stand trial. The fact that a defendant has been treated by a psychiatrist does not constitute evidence of that defendant's present incompetency to stand trial. Leyva v. State, 552 S.W.2d 158, 161 (Tex.Crim.App. 1977); Gilbert v. State, 852 S.W.2d 623, 626-27 (Tex.App. – Amarillo 1993, no pet.). Assuming, *arguendo*, that documents or records existed relating to appellant's prior treatment by a doctor for a mental illness, there is no showing that appellant's trial counsel was either unaware of the existence of such records, failed to obtain such records, or that the records contained any information relevant to the issue of appellant's competency to stand trial. Dr. Davis testified that he had been supplied with records and other background information by defense counsel when he was appointed to examine appellant in connection with appellant's pretrial motion. The record does not reflect what Dr. Davis was furnished. Furthermore, because the record does not affirmatively demonstrate that appellant's trial counsel failed to obtain or produce for the court documents or records which existed and which would have been relevant to the issue of appellant's competency at the time of trial, we will not speculate and conclude that trial counsel was ineffective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

12

## B. Failure to seek appellant's
## competency examination in a mental health facility

Appellant further argues that his trial counsel was ineffective for failing to request an order that appellant submit to a mental competency examination in a mental health facility pursuant to TEX. CRIM. PROC. CODE ANN. art. 42.02, § 3(b) (Vernon Supp. 2004).

Unless there is a showing that a pre-trial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion. See Roberson v. State, 852 S.W.2d 508, 510-12 (Tex.Crim.App. 1993).

Appellant has not demonstrated that the result of the proceedings would have been different if his trial counsel had urged the court to order appellant to submit to an examination in a mental health facility. Appellant has not demonstrated, for example, that he would have cooperated with such an examination. To the contrary, the only evidence in the record on the subject is his pretrial hearing testimony that he would have refused examination in a mental health facility even if the trial court ordered one. Neither has appellant demonstrated that the result of a competency examination would have changed the outcome of the case. See Jackson, 877 S.W.2d at 771; Roberson, 852 S.W.2d at 510-12.

Appellant's second issue is overruled.

## CONCLUSION

13

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Phil Johnson
Chief Justice


Publish.