Hardee v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-199-CR

SHAWN HARDEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Shawn Hardee appeals his conviction for aggravated assault with a deadly weapon.  In a single point, appellant contends that the trial court erred by denying his oral motion for an examination to determine whether he was competent to stand trial.  Appellant argues that the trial court should have both ordered a mental health examination and held an evidentiary hearing before a jury on the issue of his competency to stand trial.  We will affirm.

On May 3, 2002, appellant and Juana Michelle Perry went to a bar with some friends.  Appellant left the bar with Perry around midnight to drive her home.  They argued on the way to Perry’s house and, when they were about a block away, appellant told Perry to get out of the car and walk.  As Perry walked away from appellant’s car, appellant drove towards her and over the curb onto the sidewalk.  Perry climbed on a subdivision entrance wall to avoid being hit.  Appellant drove at Perry a second time and she went between two houses to avoid him.  When a witness approached Perry to ask if she needed help, appellant confronted him on foot, told him to “butt out,” and tried to intimidate him with a pocket knife.  Before running off, appellant threatened to kill Perry and their one-year-old baby.  Appellant was apprehended when he returned to the scene of the incident. 

Appellant was charged with and pleaded not guilty to aggravated assault with a deadly weapon.  On the morning of trial, appellant informed trial counsel of his history of mental illness.  Counsel made an oral motion to have appellant examined to see if he was competent to stand trial.  The trial court denied the motion after questioning appellant outside the hearing of the jury, reviewing a report from his 1996 competency examination, and finding him competent to stand trial. 

Appellant argues that a mental health examination and an evidentiary hearing before a jury should have been conducted because there was some evidence that he was incompetent to stand trial.  The State argues that the trial court correctly denied appellant’s requests because appellant did not present evidence sufficient to create a bona fide doubt in the trial judge’s mind as to whether appellant then had the present ability to consult with his counsel with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him. 

A defendant is presumed to be competent to stand trial.  Act of May 26, 1999, 76th Leg., R.S., ch. 561, § 1, 1999 Tex. Gen. Laws 3092, 3093, (repealed and recodified without substantive change 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 46B.003 (Vernon Supp. 2004-05)).  Assessment of appellant’s competency is governed by former article 46.02 of the code of criminal procedure.
(footnote: 1)  A person is incompetent to stand trial if the person does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him.  Act of May 26, 1999, 76th Leg., R.S., ch. 561, § 1, 1999 Tex. Gen. Laws 3092, 3092-93 (repealed and recodified 2003); 
Dusky v. United States
, 362 U.S. 402, 402-03, 80 S. Ct. 788, 789 (1960) (per curiam).

Article 46.02 authorizes, but does not mandate, a trial court to order a defendant to submit to a mental health examination. 
 See
 Act of May 29, 1975, 64th Leg., R.S., ch. 415, § 1, 1975 Tex. Gen. Laws 1095, 1096, (repealed and recodified 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 46B.021 (Vernon Supp. 2004-05));
(footnote: 2) 
Valderas v. State
, 134 S.W.3d 330, 334 (Tex. App.—Amarillo 2003, no pet.).  The trial court should base its decision regarding whether to order a mental health examination on the totality of the facts, including any prior competency examinations.  
Bigby v. State
,
 
892 S.W.2d 864, 885 (Tex. Crim. App. 1994), 
cert. denied
, 515 U.S. 1162 (1995).

Also, if evidence of the defendant’s incompetency is brought to the trial court’s attention from any source, the court must conduct an initial “competency inquiry” outside the jury’s presence to determine whether there is evidence to support a finding of incompetency to stand trial.  Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1, 1977 Tex. Gen. Laws 1458, 1458, (repealed and recodified 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 46B.004 (Vernon Supp. 2004-05)); 
see also Alcott v. State
, 51 S.W.3d 596, 600-01 (Tex. Crim. App. 2001) (noting that confusion over competency hearing evidentiary standards has resulted from referring to the procedures in both sections 2 and 4 of former article 46.02 as “hearings”).  The trial court is required to conduct a section 2(b) hearing if the court has a bona fide doubt
(footnote: 3) as to the defendant’s competence.  
McDaniel
, 98 S.W.3d at 706; 
Rice v. State
, 991 S.W.2d 953, 956 (Tex. App.—Fort Worth 1999, pet. ref’d).  

If the court determines through the competency inquiry that there is evidence to support a finding of incompetency to stand trial, it must impanel a jury to determine whether the defendant is competent to stand trial.  Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1, 1977 Tex. Gen. Laws 1458, 1460 (repealed and recodified 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 46B.051 (Vernon Supp. 2004-05)).  The trial court must conduct a jury hearing if, after considering the evidence tending to show incompetency and putting aside all competing indications of competency, there is some evidence to support a finding of incompetency.  
McDaniel, 
98 S.W.3d at 710; 
Rice, 
991 S.W.2d at 955.  Some evidence of incompetency exists if there is more than none or a scintilla that rationally may lead to a conclusion of incompetency.  
Sisco v. State
, 599 S.W.2d 607, 613 (Tex. Crim. App. [Panel Op.] 1980).

We review the trial court’s decision about whether to order a mental health examination or to order an evidentiary hearing before a jury under an abuse of discretion standard.  
Bigby
, 892 S.W.2d at 885 (examination); 
Ainsworth v. State
, 493 S.W.2d 517, 521 (Tex. Crim. App. 1973) (hearing).  A trial court abuses its discretion only if its rulings are arbitrary or unreasonable.  
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). 

In the present case, appellant’s trial counsel raised the issue of his competence with an oral motion for an examination at the beginning of the trial.  The trial court then conducted a section 2(b) inquiry.  During the inquiry, the trial court considered competency evidence from three sources: appellant’s testimony, his prior competency examination, and trial counsel’s testimony. Appellant testified that he had been hospitalized for mental illness several times during his adolescence and primarily diagnosed as a manic depressive.  Appellant said he was treated with medication, which he stopped taking nine years ago.  He spoke of a suicide attempt at age nine and a pill overdose at age eighteen.  Furthermore, he described his mental health by saying, “[W]hen I get depressed, I get down.  I’m this far down you can go, lying on my bed crying in the middle of the night for one reason, and when I’m happy, I’m the nicest person in the world to be around.”  When asked about his case, appellant demonstrated  knowledge of the offense with which he had been charged and its sentencing range, and the ability to communicate with his attorney.  

Appellant’s prior competency report indicated that he was competent, though mildly depressed.  The expert who made the report included appellant’s observation that his behavior depended on his mood and found that appellant had poor judgment and anger management problems.  

Appellant’s trial counsel testified that appellant asked her the morning of trial if she should be aware of him having mental problems.  She told the court that appellant asked for an examination.  She also expressed doubt that appellant had informed her of everything he needed to inform her of regarding the circumstances of his case.  

While all of this evidence tends to show that appellant underwent psychiatric treatment in the past, experienced anger management problems in 1996, and may currently suffer from manic depression, it does not prove that  he is incompetent to stand trial. 
 See Porter v. State
, 623 S.W.2d 374, 380 (Tex. Crim. App. 1981), 
cert. denied
, 456 U.S. 965 (1982); 
Gilbert v. State
, 852 S.W.2d 623, 627 (Tex. App.—Amarillo 1993, no writ).  Moreover, a current mental illness is not determinative of mental incompetency.  
Leyva v. State
, 552 S.W.2d 158, 160-61 (Tex. Crim. App. 1977).  Though appellant’s statement about his current mental health may show that his manic depression is ongoing, it does not indicate that he lacked the present sufficient ability to communicate with his lawyer with a reasonable degree of rational understanding or a rational, as well as factual, understanding of the proceedings against him.  Trial counsel’s equivocal expression of her concerns does not rise above the scintilla threshold.  
See Moore v. State
, 999 S.W.2d 385, 394 (Tex. Crim. App. 1999) (holding that counsel’s unspecified allegations of difficulties in communicating with the defendant was not sufficient to raise the issue of defendant’s competency), 
cert. denied
, 530 U.S. 1216 (2000).  

We hold that the evidence is legally insufficient to prove that appellant was incompetent to stand trial.  Therefore, the trial court did not abuse its discretion by denying appellant’s request for a mental health examination and by refusing to order a competency hearing before a jury.
(footnote: 4)  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 30, 2004

FOOTNOTES
1:
Because the issue of appellant’s competence to stand trial arose before January 1, 2004, the effective date of chapter 46B, we assess it under article 46.02 of the Texas Code of Criminal Procedure.  
See
 Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72. 

2:
The pertinent part of the rule provides: 

At any time the issue of the defendant’s incompetency to stand trial is raised, the court 
may
, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to his competency to stand trial and to testify at any trial or hearing on this issue. 

Id. 
(emphasis supplied).   

3:
Evidence is usually sufficient to create a bona fide doubt if it shows “recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant.” 
 McDaniel v. State, 
98 S.W.3d 704, 710 
(Tex. Crim. App. 2003)
. 

4:
This case is distinguishable from 
Pate v. Robinson
, 383 U.S. 375, 86 S. Ct. 836 (1966), which appellant cites in his brief.  In 
Pate
, the Supreme Court held that a defendant with a long history of mental illness following a childhood brain injury and characterized by bizarre behavior was constitutionally entitled to a hearing on the issue of his competence to stand trial.  
Id. 
at 377, 86 S. Ct. at 838.