Affirmed and Memorandum Opinion
filed July 6, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00378-CR



Michael Cole
Wallace, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 351st District Court

Harris County, Texas

Trial Court
Cause No. 1068463



 

MEMORANDUM OPINION 

Appellant Michael Cole Wallace pleaded “guilty” to
the offense of aggravated kidnapping.  On appeal, appellant claims that his
election to have the trial judge assess his punishment was rendered involuntary
by virtue of the trial judge’s purported failure to disclose that he would not
consider the full range of punishment.  Appellant also asserts he was denied
effective assistance of counsel at the punishment stage and that the trial
court abused its discretion in denying his motion to recuse the judge from presiding
at the punishment phase and in denying a hearing on appellant’s motion for new
trial.  We affirm.

 

I.         Factual and
Procedural Background

Appellant and two others were charged by indictment with
the offense of aggravated kidnapping.  The two other men pleaded “guilty” to
the charges pursuant to plea agreements before Judge Mark Kent Ellis. 
Appellant entered a “guilty” plea before Judge Ellis without an agreed
recommendation from the State as to punishment.  Appellant elected to have the
trial judge, Judge Ellis, assess punishment.  

At a pre-sentence investigation (“PSI”) hearing, Judge
Ellis received a PSI report and took judicial notice of the information
contained in appellant’s file regarding the offense.  Appellant’s trial counsel
urged the trial court to consider deferred adjudication because appellant had
been cooperative with the State and investigators and had “turned his life
around considerably.”  Judge Ellis acknowledged appellant’s positive life
changes and made the following comments to which appellant objects on appeal:

No matter how
cooperative you are, you couldn’t have possibly thought at the time that this
happened that you were going to get probation, did you?  I mean, seriously,
did you think this was a case where you were just going to walk out of the
courtroom and nothing was going to happen to you?  If that’s what you
thought, you were completely delusional.

So, based on the
paperwork, based on everything filed in this case, I’m going to find you
guilty.  I’m going to send you to prison for five years.  That’s the minimum. 
That’s the benefit you get in this circumstance for cooperating, but there’s
not a chance in the world that this is a probation case.  This is a violent
crime.  All of you should have gotten life in prison, frankly, for what you
did, but you didn’t.

(emphasis added). Judge Ellis
found appellant guilty and assessed punishment at five years’ confinement.

Appellant filed a motion for new trial in which he
claimed that his election to have the trial judge assess his punishment was
rendered involuntary by Judge Ellis’s failure to disclose that he would not
consider the full range of punishment.  Appellant also asserted that he
received ineffective assistance of counsel at the punishment phase as a result
of his trial counsel’s failure to investigate and present mitigating evidence.

Appellant filed a motion to recuse Judge Ellis,
contending that the trial judge was a material fact witness as to whether he
was able to consider the full range of punishment, as alleged in his motion for
new trial.  Appellant also asserted in his motion that Judge Ellis had
predetermined that appellant deserved a prison sentence and therefore the judge’s
impartiality in determining whether appellant received ineffective assistance
of counsel, as raised in his motion for new trial, should be questioned.  Judge
Ellis declined to recuse himself and referred the motion to recuse to an
administrative judge, who assigned the case to Judge Debbie Stricklin.

At a recusal hearing before Judge Stricklin,
appellant’s trial counsel, Carl Pruett, testified that he sought to obtain deferred
adjudication and that the State did not oppose it.  Pruett testified that
before appellant entered his “guilty” plea, the attorneys and Judge Ellis held
a conversation off of the record.  Based on this conversation, Pruett believed that
the judge would consider the full range of punishment.  He testified that he
had no reason to believe that Judge Ellis would not consider the full range of
punishment.  Pruett, however, claimed to have been “flabbergasted” by Judge
Ellis’s “nasty” demeanor in sentencing appellant.  Pruett testified that, based
on Judge Ellis’s comments, he believed Judge Ellis was biased and unable to
consider deferred adjudication.  Pruett indicated that had he known that the
judge would not consider the full range of punishment, he would have advised
appellant to forgo pleading “guilty” without an agreed sentencing
recommendation and would have set the matter for a jury trial or moved to
recuse Judge Ellis sooner.  Judge Stricklin denied appellant’s motion to recuse
Judge Ellis.

At a hearing on appellant’s motion for new trial,
appellant introduced six exhibits into evidence.  Judge Don Stricklin presided
over the hearing in Judge Ellis’s absence.  Appellant’s motion for new trial
was denied by operation of law.

 

 

II.        Issues and Analysis

A.        Voluntariness of Election to Have Trial Judge Assess
Punishment

Appellant claims in his third issue that Judge Ellis could
not consider the full range of punishment.  Basing his argument on this premise,
appellant claims that Judge Ellis’s failure to disclose that he could not
consider the full range of punishment renders appellant’s election to have
Judge Ellis assess punishment involuntary, affecting his right to due process. 
Specifically, appellant contends that absent a disclosure of this alleged fact
(that Judge Ellis would not consider the full range of punishment), he was
precluded from making a knowing and voluntary punishment election, and,
consequently, he was denied the right to have his punishment assessed by an
impartial sentencer.  

Due process requires a neutral and detached hearing
officer.  Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  A
trial court denies an accused due process when it arbitrarily refuses to
consider the entire range of punishment or imposes a predetermined punishment. 
Jaenicke v. State, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d).  Absent a clear showing to the contrary, a reviewing court
presumes that the trial court was neutral and detached.  Brumit, 206
S.W.3d at 645; Jaenicke, 109 S.W.3d at 796.  

Prior to accepting a plea of “guilty” or “no contest,”
a trial court shall admonish an accused as to the range of punishment, in
addition to other consequences of his plea.  Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon 2001).  However, there is no
mandatory duty for the trial court to admonish an accused as to eligibility for
probation.  See Harrison v. State, 688 S.W.2d 497, 499 (Tex. Crim. App.
1985).  If a trial court volunteers an admonishment as to the availability of
probation, the trial court has a duty to accurately admonish the accused.  See
Ex Parte Williams, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986).  An
accused’s plea is involuntarily induced if the record shows (1) the trial court
volunteered an admonishment that included information on the availability of
probation, which creates an affirmative duty for the trial judge to provide
accurate information on the availability of probation; (2) the trial court
provided inaccurate information on the availability of probation, leaving the
accused unaware of the consequences of his plea; and (3) the accused was misled
or harmed by the inaccurate admonishment.  Tabora v. State, 14 S.W.3d
332, 334 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  In determining
whether a plea is involuntary, we consider the record as a whole.  Williams
v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  

Contrary to appellant’s assertions that Judge Ellis
failed to disclose that he would not consider the full range of punishment, the
record reflects that Judge Ellis did consider the full range of punishment. 
According to the record of the hearing at which appellant elected to have the
trial judge assess punishment, Judge Ellis explained that, at the time
appellant entered his plea, Judge Ellis was unfamiliar with the facts of the
case.  Judge Ellis specifically explained that his mind was open to the
possible punishment range from five to ten years’ deferred adjudication to five
to ninety-nine years’ confinement.  See Roman, 145 S.W.3d 316, 319 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d) (comparing as analogous a judge’s
comments that he would consider full punishment range without knowing
the facts with a juror who considers the full range of punishment unless
certain facts are shown).  Judge Ellis then explained that he needed to
consider the evidence of the case.  Appellant acknowledged his understanding of
what the judge had explained.  Judge Ellis encouraged appellant to cooperate in
the preparation of the PSI report so that the judge could make an informed
decision as to punishment.  

At the punishment hearing, when Judge Ellis found
appellant guilty and sentenced appellant to five years’ confinement, Judge
Ellis grounded his decision “based on the paperwork, based on everything filed
in this case.”  The PSI report contained a summarized version of the police
offense report, appellant’s own detailed account of the offense, among other
things, and letters from appellant’s friends and family in his support.  In
reference to the violent nature of the crime,[1]
Judge Ellis remarked, “[T]here’s not a chance in the world that this is a
probation case.”  

The record does not support appellant’s allegation
that Judge Ellis arbitrarily failed to consider the full range of punishment or
that the judge assessed punishment based on a predetermination.  See
Jaenicke, 109 S.W.3d at 797; Roman, 145 S.W.3d at 320.  It is clear
from the judge’s comments that he considered a sentence within the full range
of punishment.  See Brumit, 206 S.W.3d at 645 (distinguishing the cases
of Earley v. State, 855 S.W.2d 260 (Tex. App.—Corpus Christi 1993, pet.
dism’d), and Jefferson v. State, 803 S.W.2d 470 (Tex. App.—Dallas 1991,
pet. ref’d), upon which appellant relies, on this basis).  Likewise, the record
is clear that the trial court grounded its decision on the evidence presented. 
See id.  It was only after the PSI report was admitted into evidence
that the trial court made the comments to which appellant now objects.  See
id. (providing that judge’s statements were made after hearing all of the
evidence).  These comments are not sufficient to rebut the presumption
of a neutral and detached court.  See Jaenicke, 109 S.W.3d at 795;
Roman, 145 S.W.3d at 320.  

Because the judge clearly indicated that he would consider
the full punishment range and grounded his decision on the evidence presented,
appellant’s assertions are without merit.  There is no evidence that the trial
court provided an erroneous admonishment to appellant or to his trial counsel. 
See Tabora, 14 S.W.3d at 335 (concluding trial court did not erroneously
indicate that an accused was eligible for or would be granted deferred
adjudication).  Appellant’s plea could not be involuntary on this basis.  See
id. (holding no affirmative showing in record demonstrates the trial court
voluntarily or erroneously admonished appellant regarding deferred
adjudication).  Simply because appellant did not receive the sentence he
and Pruett had hoped would be assessed does not mean that his punishment
election was involuntary.  See Graves v. State, 803 S.W.2d 342, 345
(Tex. App.—Houston [14th Dist.] 1990, pet. ref’d) (concluding that counsel’s
recommendation to plead guilty on anticipation of a lesser sentence than
received, does not render a plea unknowing or involuntary).  We overrule
appellant’s third issue.

B.        Denial of Motion to Recuse Trial Court Judge

In his first issue, appellant contends that Judge Debbie
Stricklin abused her discretion in denying his motion to recuse Judge Ellis. 
Texas Rules of Civil Procedure 18a and 18b govern motions to recuse a trial
judge in both criminal and civil cases.  Tex.
R. Civ. P. 18a, 18b; see Arnold v. State, 853 S.W.2d 543, 544
(Tex. Crim. App. 1993) (applying Rule 18a to criminal cases).  Recusal
is warranted when: (1)  the trial judge’s impartiality may be questioned, (2)
the judge has a personal bias or prejudice concerning the subject matter of the
case or party, and (3) the judge has been a material witness concerning the
proceeding.  Tex. R. Civ. P.
18b(2)(a), (b), (d).  We review a trial court’s denial of a motion to recuse
under an abuse-of-discretion standard.  See Tex. R. Civ. P. 18a(f); Wesbrook v. State, 29 S.W.3d
103, 120 (Tex. Crim. App. 2000).  Under this standard, we will not reverse a
ruling on the motion if it is within the zone of reasonable disagreement.  See
Wesbrook, 29 S.W.3d at 120; Kemp v. State, 846 S.W.2d 289, 306 (Tex.
Crim. App. 1992).  We consider the “totality of the evidence” elicited at the
recusal hearing.  Kemp, 846 S.W.2d at 306.  The impartiality of a
trial judge is presumed absent a clear showing to the contrary.  See
Wesbrook, 29 S.W.3d at 120–21.  

Appellant argues that Judge Ellis was a material fact
witness for appellant’s motion for new trial regarding whether Judge Ellis considered
the full range of punishment.  Appellant asserts that Judge Ellis’s knowledge
of the case was not based solely on his knowledge from the testimony and events
within his courtroom.[2] 
Generally, to warrant recusal, partiality or bias must stem from an extra-judicial
source and affect the judge’s opinion on the merits of the case.  See Roman,
145 S.W.3d at 321.  A judge who possesses independent knowledge of a case may
be subject to recusal; however, if a judge’s knowledge is derived solely from
the testimony and events witnessed by the judge in the courtroom, the judge
does not become a witness and the judge’s recollection of the proceedings is
not considered testimony.  See Dickerson v. State, 87 S.W.3d 632, 642
(Tex. App.—San Antonio 2002, no pet.); George v. State, 20 S.W.3d 130,
137–138 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d), disagreed with on
other grounds, Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001).
 

Evidence presented at the recusal hearing refutes
appellant’s claim that Judge Ellis’s decision to sentence appellant to confinement
was based on extrajudicial knowledge of the case.  See Roman, 145 S.W.3d
at 321.  The transcript of Judge Ellis’s comments at the sentencing hearing, which
was admitted at the recusal hearing, reflects that Judge Ellis grounded his
decision to find appellant guilty and assess punishment at five years’ confinement
“on the paperwork, based on everything filed in this case.”  At the recusal
hearing, appellant’s trial counsel, Pruett, agreed that the record reflects
Judge Ellis stated that the decision for confinement was based on the
paperwork, such as the PSI report, as filed in the case.  See id. 

Pruett testified that at the sentencing hearing Judge
Ellis represented to the parties that he already was familiar with the facts of
the case.  Pruett did not have the impression that Judge Ellis knew the facts
of the case from extra-judicial sources such as media reports or that Judge
Ellis actually witnessed the facts related to the offense.  Pruett confirmed
that the tenor of Judge Ellis’s comments stemmed from presiding over the cases
of appellant and the co-defendants and that in the course of those proceedings,
the judge had become aware of the facts of the offense.  See Roman, 145
S.W.3d at 320–22 (concluding that based on the evidence gleaned from a
co-defendant’s trial, the judge’s knowledge of such evidence did not stem from
an extra-judicial source).  Pruett acknowledged as a fair reading of the record
that the judge’s decision to sentence appellant to five years’ confinement was
predicated on, among other things, information and facts gleaned from the PSI
report.  See id.  

The record reflects that Judge Ellis’s comments were
based on his personal knowledge of the evidence; his comments suggested that
the type of sentence was proportionate to the gravity of the offense.  See
Jaenicke, 109 S.W.3d at 796; Roman, 145 S.W.3d at 320.  The
evidence, as presented at the recusal hearing, reflects that Judge Ellis’s
comments implicitly were based on the judge’s personal knowledge of the
evidence as witnessed by him in the course of the proceedings and that he would
assess a punishment commensurate with the evidence of the crime.  See Roman,
145 S.W.3d at 320.  Under the prevailing standard, the record of the
recusal hearing does not support the assertion that Judge Ellis’s knowledge of
the case stemmed from extra-judicial sources, but rather that Judge Ellis
formed an opinion as to punishment based on the specific facts of the case.  See
id. at 321.  On this basis, Judge Ellis was not a material witness to the
events.  See Dickerson, 87 S.W.3d at 642; George, 20 S.W.3d at
138.  Therefore, the decision to deny Judge Ellis’s recusal on these
grounds was not arbitrary, capricious, unreasonable, or based on an uninformed
opinion.  See Roman, 145 S.W.3d at 320.  Judge Debbie Stricklin
did not abuse her discretion in denying appellant’s motion to recuse on these
grounds.  See id. at 321.

Appellant also asserts that recusal was warranted because
Judge Ellis’s comments at the sentencing hearing indicate Judge Ellis’s
inability to fairly and impartially resolve whether appellant received
ineffective assistance of counsel, as alleged in his motion for new trial. 
Absent proof of an extra-judicial source, the only proper basis for the recusal
on grounds of partiality or bias is an indication of a high degree of
favoritism or antagonism.  Roman, 145 S.W.3d at 322.  Partiality or bias
may be a ground for recusal only when it is of such a nature and extent as to
deny the movant due process of law.  See Kemp, 846 S.W.2d at 305.  The
test is whether a reasonable person, knowing all the circumstances involved,
would have a reasonable doubt as to the impartiality of the judge.  Id.;
see Mosley v. State, 141 S.W.3d 816, 834 (Tex. App.—Texarkana 2004, pet.
ref’d).  An adverse ruling, alone, is not indicative of the high degree
of favoritism or antagonism that would impart the perception of impartiality or
bias.  See Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147,
1157, 127 L. Ed. 2d 474 (1994) (providing that judicial remarks that are
critical, disapproving of, or hostile to counsel, parties, or cases do not
support a challenge to bias or partiality); Roman, 145 S.W.3d at 322
(involving judge who expressed belief that an accused did not deserve
probation, which was not deemed the type of antagonism to warrant recusal when
the judge’s opinion was based on the evidence and facts of the case).

Given the facts of this case, Judge Ellis’s comments
were not enough to create doubt as to Judge Ellis’s impartiality.  See
Jaenicke, 109 S.W.3d at 795.  As reflected by the record, Judge Ellis
assessed appellant’s sentence at five years’ confinement, which was the minimum
of the statutory range of confinement, and based his decision on the paperwork
filed in the case.  See Tex.
Penal Code Ann. §§ 12.32(a), 20.04 (Vernon 2003); Tex. Code Crim. Proc. Ann. art. 42.12.
§ 5(b) (Vernon 2006).  A judge’s case-specific opinion within the statutory
range of punishment is not arbitrary.  Roman, 145 S.W.3d at 321.  Accordingly,
the comments were not sufficient to rebut the presumption of a neutral and
detached trial court.  See Jaenicke, 109 S.W.3d at 797.  Therefore,
Judge Debbie Stricklin did not abuse her discretion in denying appellant’s
motion to recuse.  We overrule appellant’s first issue.  

C.        Ineffective Assistance of Counsel Claim

In his fourth issue, appellant asserts he received
ineffective assistance of counsel in the punishment phase of trial.  Appellant
argues that his counsel was ineffective in the following ways:  (1) generally failing
to investigate and present mitigating evidence, (2) failing to call a mental
health expert regarding appellant’s substance abuse and mental health history,
(3) failing to correct false information within the PSI report and present
mitigating evidence, and (4) failing to advise appellant to change his
punishment election.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon 2005).  This
right necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997).  To prove ineffective assistance of counsel, appellant must
show that (1) trial counsel’s representation fell below an objective standard
of reasonableness, based on prevailing professional norms; and (2) there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel’s deficient performance.  Strickland,
466 U.S. at 688B92.  Moreover,
appellant bears the burden of proving his claims by a preponderance of the
evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
In assessing appellant=s
claims, we apply a strong presumption that trial counsel was competent.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel’s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).  

Alleged Failure to Investigate
and Present Mitigating Evidence

Appellant contends in general that his trial counsel
failed to investigate or present mitigating evidence, although he does not
specify what mitigating evidence his trial counsel would have discovered had he
investigated.  Appellant refers to Pruett’s failure to interview and call
available, albeit unidentified, witnesses whose testimony appellant claims would
have been beneficial.  The record reflects that Pruett procured numerous positive
letters from appellant’s friends and relatives on appellant’s behalf to
encourage Judge Ellis to assess deferred adjudication as punishment.  See
Jagaroo v. State, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005,
pet. ref’d) (distinguishing the facts of Milburn v. State, 15 S.W.3d 267
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d), upon which appellant relies,
on the basis that the trial counsel in Milburn admitted he neither
investigated nor evaluated punishment evidence).  These statements, as well as
a statement from appellant, were either included in the PSI report or added as
an addendum to the report, which the trial court considered in assessing
appellant’s sentence.  See id.  Appellant has not shown how testimony by
live witnesses would have differed from the statements and letters attached to
the PSI report.  See id.  Appellant has not shown that his trial counsel’s
performance was deficient or that he was prejudiced by his counsel’s
performance in this regard.  See id. (concluding an appellant failed to
establish either prong of the analysis for ineffective assistance of counsel); see
also Jaenicke, 109 S.W.3d at 800 (concluding an appellant failed to
establish reasonable probability that outcome of sentencing proceeding would
have been different).  

Alleged
Failure to Contact a Mental Health Professional and Present Evidence of Mental
Health

Appellant also claims that his trial counsel was
defective for failing to discuss his mental health or substance-abuse history
with him, failing to ask about appellant’s physicians, failing to ask appellant
to authorize his physicians to release his medical files and discuss his
treatment, and failing to have appellant examined by a mental health
professional prior to sentencing.  

With respect to appellant’s complaint that Pruett
failed to discuss his mental health with him, the record affirmatively
contradicts this allegation.  By affidavit admitted at the hearing on
appellant’s motion for new trial, Pruett indicated that he discussed appellant’s
mental health with him before sentencing.  Pruett knew, and the PSI report
reflects, appellant was “borderline bi-polar” and had been prescribed
medications before the offense, which appellant had discontinued.  Pruett knew,
and the PSI report reflects, that appellant had received prescription
medication for anxiety at the time the report was prepared.

Pruett indicated that appellant had offered
information about his mental health and substance-abuse history for compilation
of the PSI report.  Pruett confirmed that he read a copy of the report.  According
to the report, although appellant was diagnosed with “bi-polar mania,” appellant
claimed that he was not bi-polar.  In the report, appellant admitted suffering
from depression in the past.  Appellant reported smoking marijuana
occasionally, using cocaine once, using methamphetamine, which resulted in his
participation in the charged offense, and suffering from untreated alcoholism
from the age of thirteen.  

By affidavit, Pruett claimed that appellant’s
substance-abuse history was apparent from the information contained in the PSI
report.  Pruett stated that he did not obtain copies of appellant’s medical
records and did not discuss appellant’s treatment with appellant’s physicians. 
Pruett did not believe that appellant suffered from mental health problems. 
Because Pruett believed appellant was sane, competent to stand trial, fully
understood the consequences of his plea, and was able to assist in the
preparation of his defense, Pruett did not have appellant examined by a mental
health examiner.

Although appellant points to affidavits from two
psychiatrists who treated appellant for depression and anxiety prior to the
offense and an affidavit from a psychologist who evaluated appellant after the
offense, none of the doctors’ affidavits suggest appellant was not competent to
stand trial.  The fact that a defendant has been treated by a psychiatrist does
not constitute evidence of a defendant’s present incompetency to stand trial.  Valderas
v. State, 134 S.W.3d 330, 337 (Tex. App.—Amarillo 2003, no pet.) (involving
counsel’s failure to obtain medical records relating to mental health history
and failure to seek a mental competency exam).  Although there is some evidence
in the record that appellant suffered from depression or bi-polar disorder, or
both, when entering his “guilty” plea, appellant confirmed that he had never
been declared insane, mentally incompetent, or mentally ill.  Appellant’s own
statements in the PSI report indicate that appellant knew his conduct was
dangerous and wrong, and he attributed his participation in the offense to
methamphetamine.  Appellant took full responsibility for his actions.  

Appellant has not pointed to any evidence in the
record that he suffered from a mental illness rendering him legally incompetent
or insane and justifying the need for a mental health examination.  Even if we
were to conclude Pruett failed to conduct a full investigation and failed to
develop appellant’s mental-health history, appellant has failed to provide any
explanation as to how development of his mental-health history and substance-abuse
history might have changed the result of the sentencing, especially given that
the PSI report made the trial court aware of appellant’s untreated alcohol
abuse, his abuse of controlled substances, and some of appellant’s history of
depression, anxiety, and bi-polar diagnosis for which he received treatment and
prescription medication.  See Rivera v. State, 123 S.W.3d 21, 32 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d).  In weighing the evidence
against the totality of available mitigating evidence, we must assess
prejudice by determining whether the additional mitigation evidence as a whole
was sufficient to influence the trial court’s appraisal of the accused’s
culpability and punishment.  See Wiggins v. Smith, 539 U.S. 510, 534,
123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); see, e.g., Ex parte
Gonzalez, 204 S.W.3d 391, 393 (Tex. Crim. App. 2006) (indicating that
additional evidence at habeas hearing, including psychiatrist testimony, would
have been effective in reducing an accused’s moral culpability and leading to a
reduced sentence).  

Appellant has not demonstrated that there is a
reasonable probability the trial court would have sentenced appellant to
deferred adjudication.  Appellant was sentenced to five years’ confinement,
which was the minimum of the statutory range of confinement.  See Tex. Penal Code Ann. §§ 12.32(a),
20.04; Tex. Code Crim. Proc. Ann.
art. 42.12. § 5(b).  Judge Ellis made it clear in citing the violent nature of
the offense that the facts of this case did not warrant probation even though
appellant was eligible for probation.  Appellant has not shown that the result
of any mental competency examination or admission of appellant’s medical
records regarding his mental-health history or substance-abuse history would
have changed the outcome of the case.  See Valderas, 134 S.W.3d at 337. 
Consequently, appellant has not demonstrated that he was prejudiced.  See
id.; see generally Strickland, 466 U.S. at 694.  

Alleged
Failure to Correct Misinformation in the PSI Report and Present Mitigating
Evidence from the State’s File

Appellant complains that Pruett did not correct false
information in the PSI report by presenting evidence that the incident occurred
in the context of a “drug deal gone bad” and that the complainant was involved
in dealing narcotics.  Contrary to appellant’s arguments on appeal, the PSI
report contains appellant’s own statements that he arranged to meet the
complainant to “buy some meth.”

Appellant also complains that Pruett failed to
present mitigating evidence of the following facts taken from the State’s file:

·       
Appellant protected the complainant and the complainant’s
girlfriend from his co-defendants.

·       
Appellant prevented a co-defendant from sexually assaulting the
complainant’s girlfriend.

·       
Appellant prevented a co-defendant from accessing a firearm during
the offense.

·       
Appellant “looked confused” and “took orders” from a co-defendant.

·       
The complainant admitted his connection to drug dealers and the
existence of a dispute between the complainant’s family and a co-defendant’s
family. The complainant also indicated that appellant apologized to him and
offered the complainant a ride back to Houston.  The complainant knew the
defendants for several months before the offense and threatened revenge on
them.

·       
The complainant had a prior criminal record. 

Although appellant asserts that Pruett did not
present this mitigating evidence, all of these facts are either referenced
directly or suggested indirectly throughout the PSI report or are reflected in
appellant’s own statement describing the offense, also included in the PSI report. 
See Jagaroo, 180 S.W.3d at 800 (involving a complaint that counsel
failed to present mitigating evidence).  Consequently, appellant has not shown
that his counsel’s performance was deficient or that he was prejudiced by his
counsel’s performance.  See id. (concluding an appellant failed to
establish either prong of an analysis for ineffective assistance of counsel).

Failure to Advise
Appellant to Change his Punishment Election

Appellant claims he received ineffective assistance
because Pruett failed to advise him to change his punishment election.  Appellant
asserted by affidavit in support of his motion for new trial that he followed
Pruett’s advice in pleading “guilty” without an agreed recommendation on
punishment in the hope that he would receive deferred adjudication.  According
to appellant, reasonably competent counsel would have known that Judge Ellis’s
remarks demonstrated that the judge would not consider the full punishment
range.  Consequently, appellant claims, Pruett should have advised him to have
his punishment assessed by a jury. Appellant has not demonstrated that there is
a reasonable probability that the jury would have assessed a more lenient
punishment had appellant changed his punishment election.  See Rivera,
123 S.W.3d at 31–32.  Even presuming that the first prong of the Strickland
test were satisfied as to Pruett’s failure to advise appellant to change his
punishment election, appellant has failed to satisfy the second prong of the Strickland
test.

For the reasons stated above, we overrule appellant’s
fourth issue.  

D.        Denial of Hearing on Motion for New Trial

In his second issue, appellant contends that the
trial court erred in denying appellant a hearing on his motion for new trial.  Contrary
to appellant’s assertions, the record reflects that Judge Don Stricklin, in Judge
Ellis’s absence, conducted a hearing on appellant’s motion for new trial on the
75th day after appellant’s sentence was imposed.  At this hearing, appellant offered
and the trial court admitted six exhibits into evidence including affidavits
from appellant, Pruett, appellant’s appellate counsel, and psychiatrists and
psychologists who treated or evaluated appellant.  The State did not object to
these exhibits.  Appellant did not endeavor to present live testimony nor did
appellant object to presenting the evidence by affidavit.  After the trial
court admitted the exhibits, appellant stated, “Your Honor, we would rest for
purposes of this proceeding.”  The motion was subsequently overruled by
operation of law.  

Because the record shows appellant actually received
a hearing on his motion for new trial as he requested, we can find neither
error nor harm.  See Tex. R. App.
P. 33.1(a)(1) (requiring record to reflect that the complaining party
obtained a ruling from the trial court on a timely, specific request, motion,
or objection); Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App.
2008) (requiring a party to obtain adverse ruling by trial court in order to
preserve error for appellate review).  To the extent appellant’s argument
encompasses a complaint that he was only permitted to present evidence via
affidavit, he has waived this complaint.  See Tex. R. App. P. 33.1(a)(1); Lee v. State, 186 S.W.3d
649, 657–58 (Tex. App.—Dallas 2006, pet. ref’d) (providing that an accused’s
failure to object to trial court’s requirement that evidence be submitted by
affidavit waives error).  We therefore overrule appellant’s second
issue.

Having overruled appellant’s four issues on appeal,
we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] The record
suggests that appellant and his co-defendants entered a hotel room and beat the
complainant to the point of unconsciousness.  Appellant and the co-defendants
bound the complainant’s hands, feet, and mouth with duct tape, carried the
complainant to a vehicle, and drove the complainant to another county.





[2] As
reflected above in our disposition of appellant’s third issue, the record does
not support appellant’s assertions that Judge Ellis failed to consider the full
range of punishment.